ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
Email: mail@asmithlaw.com

Attorney for Creditor
Leslie P. Busick

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

CAL-NEVA LODGE, LLC,

    Debtor.

_____/

Case No. BK-N-16-51281-GWZ
Chapter 11

Hearing Date:  TBD*
(*Set Following Discl. Stmt. Approval)

# CREITORS'
# PLAN OF REORGANIZATION

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) [Final] 010617-RMB.wpd

## TABLE OF CONTENTS

1. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
2. DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
3. CLAIMS AND INTERESTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   3.1   Classification of Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . 4
4. UNIMPAIRED CLASSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
5. TREATMENT OF CLAIMS AND INTERESTS . . . . . . . . . . . . . . . . . . . . . . 5
   5.1   Class 1(Hall CA-NV, LLC) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   5.2   Class 2 (Membership Interest) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
6. TREATMENT OF UNCLASSIFIED CLAIMS . . . . . . . . . . . . . . . . . . . . . . . 5
7. EXECUTORY CONTRACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
8. MEANS OF IMPLEMENTING THE PLAN . . . . . . . . . . . . . . . . . . . . . . . . . 6
9. FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN . . . . . . . . . . . 8
10. INJUNCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11. MISCELLANEOUS PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
12. RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
13. MODIFICATION OF PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

1. **INTRODUCTION**

   Debtor, CAL-NEVA LODGE, LLC, (hereinafter "Debtor" or "Cal-Neva"), filed its petition for relief under Chapter 11 of the Bankruptcy Code on **June 10, 2016.** This Plan of Reorganization (the "Plan") is a proposal by creditor Leslie P. Busick, Paul Jameson, David Marriner, Michael and Sharon Dixon, Charles and Judith Munnerlyn, Anthony Zabit, Paul and Evy Paye (the "Proponents")[1] to creditors to resolve the debts owed on the date of filing the petitions.

   The Plan must receive creditor approval and the Court must find that it meets the requirements of the law in order to be confirmed. If this Plan is not confirmed, then the Court may allow:

   (A)   The case to be dismissed;

   (B)   The Debtor or others to draft another plan; or

   (C)   The case to be converted to a Chapter 7 proceeding, with the assets of the Debtor being sold in liquidation and the proceeds distributed in accordance with the Bankruptcy Code.

   Creditors are advised that the Proponents have prepared and filed a Disclosure Statement that provides information about the Debtors and their past operations.

2. **DEFINITIONS**

   Whenever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, the feminine and the neuter. Any capitalized term not defined herein that is defined in the Bankruptcy Code shall have the meaning ascribed to it in the Bankruptcy Code. Unless the context requires otherwise, the following words and phrases shall have the meanings set forth below when used in this Plan:

   (A)   ***"Administrative Claim(s)."*** Claims arising during the administration of the

---

[1] This provision may be modified to add additional Proponents.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd        -1-

Chapter 11 case entitled to priority under Section 507(a)(1) of the Bankruptcy Code. As required by the Bankruptcy Code, holders of such Allowed Administrative Claims against the Debtor shall receive cash in the amount of such Allowed Claim on the Effective Date.

(B)  *"Allowed Claim."* This term will refer to and mean every claim: (i) as to which a proof of claim has been filed with the Court within the time fixed by the Court or, if such claim arises from the Debtors' rejection of an unexpired lease or other executory contract, within thirty (30) days after the Effective Date of the Plan, or (ii) which is scheduled as of the Confirmation Date of the Plan in the schedules filed by the Debtors or amended by the Debtors as of said date, and is liquidated in amount and undisputed; and in either of the above events, as to which no objection to allowance of such claim or request for subordination thereof has been filed within any applicable time period fixed by the Court or as to which an order allowing such claim and establishing its priority has become final and non-appealable. An allowed secured claim shall include all accrued interest and attorneys fees, to the extent the same are allowable under 11 U.S.C. § 506, and to the extent attorneys fees are reasonable or are approved by the Bankruptcy Court after notice and hearing.

(C)  *"Allowed Priority Claims."* This term means Allowed Claims entitled to priority in accordance with Section 507(a)(2) through (7) of the Code.

(D)  *"Bankruptcy Case."* This term shall mean the pending Chapter 11 case entitled *New Cal-Neva lodge, LLC*, Case No. BK-N-16-51282-GWZ.

(E)  *"Bankruptcy Code"* or *"Code."* This term means the Bankruptcy Code of 1978, as codified in Title 11 of the United States Bankruptcy Code by Public Law 95-598, including all amendments thereof and thereto.

(F)  *"Bankruptcy Court."* This term means the United States Bankruptcy Court for the District of Nevada, Reno, or such other court as has jurisdiction of these Chapter 11 cases.

(G)  *"Claim."* This term means any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd     -2-

1  remedy for breach of performance, if such breach gives rise to a right to payment, whether
2  or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured,
3  unmatured, disputed, undisputed, secured or unsecured.

4      (H) *"Claims Objection Procedure"* This term shall mean the procedure set forth
5  in Fed.R.Bankr.P. 3007, Local Rule of Bankruptcy Procedure 3007, and 11 U.S.C. §502.

6      (I) *"Confirmation Date."* This term refers to and shall mean the date on which
7  the Court enters its Order confirming the Plan, as the same may be subsequently amended.

8      (J) *"Confirmation Hearing."* This term shall mean the hearing or hearings in
9  which the Bankruptcy Court considers confirmation of the Plan.

10     (K) *"Debtor."* This term shall mean CAL-NEVA, LLC, the Chapter 11 Debtor in
11 Case No. BK-N-16-51281-GWZ.

12     (L) *"Disclosure Statement."* Disclosure Statement means the Disclosure
13 Statement filed by the Proponents, as the same may be amended, and as approved by the
14 Bankruptcy Court.

15     (M) *"Disputed Claims Account."* This term shall mean a trust account established
16 by Suntoro with sufficient sums to pay all the disputed portion of all claims once they are
17 Allowed Claims.

18     (N) *"Effective Date."* This term shall mean the date which is fifteen (15) days
19 following the Confirmation Date, or if the same falls upon a weekend or legal holiday, then
20 the next business day.

21     (O) *"Membership Interest."* This term shall mean all membership interest in the
22 Debtor which were issued and outstanding as of the day preceding the Confirmation Date.

23     (P) *"Petition Date."* This term shall refer to June 10, 2016, the date on which
24 Debtor filed its voluntary petition commencing the above-captioned Chapter 11 case.

25     (Q) *"Plan."* This term shall refer to the Creditors' Plan of Reorganization, together
26 with any amendments or modifications thereto as may hereafter be filed.

27     (R) *"Property."* This term shall mean the Debtor's membership interest in New
28 Cal-Neva Lodge, LLC..

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd        -3-

(S) **"Post Confirmation."** This term shall mean the period of time after the Confirmation Date.

(T) **"Plan Fund."** This term shall mean the sums used to fund the Plan as set forth in Section 7.1 below.

(U) **"Plan Proponents."** This term shall mean Leslie P. Busick, Paul Jameson, David Marriner, Michael and Sharon Dixon, Charles and Judith Munnerlyn, Zabit, Paul and Evy Paye.

(V) **"Reorganized Debtor."** This term means Cal-Neva Lodge, LLC, following the Confirmation Date.

(W) **"Suntoro."** This term shall mean Suntoro Partners, LLC.

(X) **"Cal-Neva."** This term means Cal-Neva Lodge, LLC.

(Y) **"Unsecured Claim."** This shall mean a Claim that is not secured by a perfected pledge, security interest, or perfected mechanics lien in the Property.

(Z) **"Unsecured Creditors."** This term shall mean all creditors having claims against the Debtors not entitled to priority under Section 507 of the Bankruptcy Code, and not otherwise included in any other class under this Plan.

3. **CLAIMS AND INTERESTS**

   3.1 **Classification of Claims and Interests**

   Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims and Interests. Administrative Claims and Priority Claims of the kinds specified in Sections 507(a)(1) and 507(a)(8) of the Bankruptcy Code have not been classified and are excluded from the following classes in accordance with Section 1123(a)(1) of the Bankruptcy Code.

   <u>Class 1</u>:    The Allowed Claims of Unsecured Creditors of the Debtor.
   <u>Class 2</u>:    The membership interests in the Debtor.

4. **UNIMPAIRED CLASSES**

   All classes are to be unimpaired under this plan.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd          -4-

5. <u>**TREATMENT OF CLAIMS AND INTERESTS**</u>

The classes under this plan shall be treated as follows:

### 5.1    Class 1 (Unsecured Creditors)

The Allowed Claims of Unsecured Creditors shall bear pre-Effective Date interest at the rate specified in their individual contracts, or if no rate is specified, according to Nevada Law. Any objection that the Plan Proponents have against any Unsecured Creditor shall be filed at least 10 days prior to the Confirmation Hearing. The undisputed portion of the claim shall be paid on the Effective Date. The portion of the claim that is disputed shall be maintained in a trust account established by Suntoro (the "Disputed Claims Account"), including interest as determined by the Bankruptcy Court for a period of 6 months, and shall be paid once the claim is an Allowed Claim following the Claim Objection Procedure.

### 5.2    Class 2 (Membership Interests)

The membership interests in the Reorganized Debtor shall be modified as set forth in section 8.2 below.

6. <u>**TREATMENT OF UNCLASSIFIED CLAIMS**</u>

### 6.1    Administrative Claims

Claims arising during the administration of the Debtor's Chapter 11 case and entitled to priority under Section 507(a)(1) of the Bankruptcy Code are not classified under the Plan. Holders of such claims shall be paid in full on the latter of the Effective Date, or fifteen (15) days after entry of an order creating an Allowed Administrative Claim. Counsel for the Plan Proponents shall be paid directly by the Plan Proponents.

### 6.2    Fees to the United States Trustee

All fees required to be paid to the United States Trustee will be paid in full upon the Effective Date of the Plan, and shall remain current until the case is fully administered, closed, converted or dismissed, whichever occurs first. Such fees shall be paid from the Plan Fund.

### 6.3    Priority Claims

The Allowed Priority Claims shall bear interest prior to the Effective Date at the rate

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd         -5-

specified under Nevada law. Any objection that the plan Proponents have against any Priority Claim shall be filed at least 10 days prior to the Confirmation Hearing. The undisputed portion of the claim shall be paid on the Effective Date. The portion of the claim that is disputed shall be maintained in the Disputed Claims Account, including interest as described above for a period of 6 months, and shall be paid once the claim is an Allowed Claim following the Claim Objection Procedure.

7. **EXECUTORY CONTRACTS**

The Debtor's executory contracts with various entities shall be assumed or rejected as set forth below:

| Contract | Description of Contract | Treatment |
| --- | --- | --- |
| Dixon, Michael and Sharon | Condominium Purchase Discount Agreement | Rejected |
| Iverson, Brandyn | Condominium Purchase Discount Agreement | Rejected |
| Jameson, Paul | Condominium Purchase Discount Agreement | Rejected |
| Munnerlyn, Charles R. And Judy G. | Condominium Purchase Discount Agreement | Rejected |
| Paul and Evy Paye, LLC | Exchange Agreement re: 9898 Lake Street Kings Beach, CA | Assumed |
| Sky Fiber Internet | Monthly Internet | Assumed |

8. **MEANS OF IMPLEMENTING THE PLAN**

   **8.1    Plan Fund**

The Plan will be funded by new financing from Suntoro sufficient to pay all creditors in full as set forth above.

   **8.2    Merger with New Cal-Neva Lodge, LLC**

Upon the Effective Date, New Cal-Neva Lodge, LLC, will be merged with Cal-Neva Lodge, LLC, with the surviving entity being Cal-Neva Lodge, LLC (the "Reorganized Debtor" or the "Reorganized Cal-Neva Lodge"). All assets, licenses, construction permits for Washoe and Placer Counties, all TRPA permits and BMP certificates, all gaming

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd          -6-

licenses, and all other property of any nature shall be transferred form New Cal-Neva Lodge, LLC to the Reorganized Cal-Neva Lodge. The membership interest of Cal-Neva Lodge, LLC in the Debtor shall be canceled. The membership interest in the Reorganized Cal-Neva Lodge, LLC shall be as follows (in percentages, to be converted proportionately to membership units):

      20% - Suntoro

      18.5% - Pro-rated to existing equity in Cal-Neva Lodge[2]

      61.5% - Suntoro or its designee[3]

**8.3   Revesting of Assets in the Reorganized Cal-Neva Lodge, LLC**

Upon confirmation of the Plan, all property of the estate of the Debtor shall be vested in the Reorganized Cal-Neva Lodge, which shall retain such property as the Reorganized Debtor free and clear of all claims and interests of the creditors, except as set forth in the Plan.

**8.4   Disbursing Agent**

Suntoro will serve as disbursing agent (the "Disbursing Agent") and shall disburse all money to be distributed under the Plan. The Disbursing Agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond. The Disbursing Agent shall be allowed reasonable compensation for his services.

**8.5   Post-Confirmation Management of the Debtor**

The Debtor shall be managed post-confirmation by Suntoro, however the hotel operations shall be managed by Kokua Hospitality.

**8.6   Post-Confirmation Litigation**

The Reorganized Cal-Neva Lodge anticipates conducting a forensic accounting following the Effective Date, and anticipates filing actions for the recovery of funds wrongfully diverted, embezzled, or fraudulently converted from New Cal-Neva Lodge, LLC,

---

[2] Final percentages subject to adjustment based upon final funding amount from Suntoro.

[3] Final percentages subject to adjustment based upon final funding amount from Suntoro.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd   -7-

or from Cal-Neva Lodge, LLC. The Plan Proponents are not able to identify all potential defendants at this time. All claims and charges in action held by New Cal-Neva Lodge, LLC or Cal-Nev Lodge, LLC, are transferred to the Reorganized Cal-Neva Lodge. In addition, the Reorganized Cal-Neva Lodge intends to evaluate and potentially object to various claims, as well as continuing prosecution of claim objections existing as of the Confirmation Date.

### 8.7    Amendment of Operating Agreement

On the Effective Date, or as soon as practicable thereafter, the Reorganized Debtor shall amend its operating agreement to contain the provisions required by Section 1123(a)(6) of the Code, as well as provisions consistent with this Plan.

### 9.    FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN

Pursuant to the Plan, funding will be accomplished by a new loan and a new contribution. Creditors are advised to discuss with their own tax advisor any tax effect to the creditor of such payments.

### 10.    INJUNCTION

From and after the Effective Date, and except as provided in the Plan and the Confirmation Order, all entities that have held, currently hold or may hold a Claim or Outstanding Securities are permanently enjoined from taking any of the following actions on account of any such Claims or Outstanding Stock: (i) commencing or continuing in any manner any action or other proceeding against the Debtor; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Reorganized Debtor; (iii) creating, perfecting or enforcing any lien or encumbrance against the Reorganized Debtor; (iv) asserting a setoff, right of subrogation or recoupment or any kind against any debt, liability, or obligation due to the Reorganized Debtor, or their respective property; or (v) commencing or continuing any action, in any manner or any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.

### 11.    MISCELLANEOUS PROVISIONS

(A)    Confirmation of the Plan constitutes a discharge pursuant to 11 U.S.C. § 1141

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd    -8-

of any and all liabilities of the Debtor which are discharged pursuant to the provisions of the Bankruptcy Code.

(B) Any creditor who is not scheduled in the Disclosure Statement or who failed to file a proof of claim on or before any Court imposed claims bar date, shall be barred from participating in any distribution under the Plan, and the Debtor shall have no further liability for such claim.

(C) Following the Effective Date, the Debtor may continue to employ counsel for necessary legal services. Counsel may be paid from the Debtor without further order of the Court.

(D) The estate shall be deemed to be fully administered upon completion of disbursements to the Class 2 creditors.

## 12. **RETENTION OF JURISDICTION**

The Bankruptcy Court shall retain jurisdiction for the following specific purposes:

(A) For the purpose specified in § 1142 of the Bankruptcy Code;

(B) The consideration of claims and such objections as may be filed to the claims of creditors pursuant to § 502 of the Bankruptcy Code, and to file and prosecute any counterclaims against such creditors;

(C) The fixing of compensation for the parties entitled thereto;

(D) To hear and determine the recovery of any preferences, transfers, fraudulent conveyances, assets or damages to which the Debtor's estate may be entitled under applicable provisions of the Bankruptcy Code or other federal, state, or local law, including those described in section 8.6 above;

(E) To reinstate the automatic stay pending a determination of the amount owed on any secured claim;

(F) To hear and decide all causes of action now held by the Debtor, or disclosed in the Plan or Disclosure Statement;

(G) To hear and decide all adversary proceedings or contested matters currently pending in the Bankruptcy Court, or which may be filed prior to or after plan confirmation;

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd    -9-

(H) To resolve any disputes regarding interpretation of the Plan;

(I) To implement the provisions of the Plan, including all provisions in the Plan which specify the retention of jurisdiction, and to make such further orders as will aid in consummation of the Plan, including the sale of any property after Plan confirmation;

(J) To adjudicate controversies regarding property of the Debtor's estate and regarding ownership thereof, including adjudication of causes of action which constitute property of the estate;

(K) To modify this Plan in accordance with § 1127 of the Bankruptcy Code;

(L) To enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan, the Disclosure Statement, or the Confirmation Order; and

(M) Enter a final decree and order closing the case.

### 13. MODIFICATION OF PLAN

The Proponents may modify the Plan with regard to the treatment of any creditor class, in connection with any agreement or settlement with such creditor class or in order to comply with requirements of the Code as established by the Court, provided such modification does not materially adversely affect any other class of creditors. Such modifications may be reflected in the order confirming the Plan. Any other modification of the Plan shall be in accordance with § 1127 of the Code.

**DATED** this 6th day of January, 2016.

LAW OFFICES OF ALAN R. SMITH

By: /s/ Alan R. Smith
ALAN R. SMITH, ESQ.
Attorney for Creditor, Leslie P. Busick

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Cal-Neva Cases\Plan & DS\Plan (Cal Neva) 010617-RMB.wpd    -10-