NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar #CA 117234
WILLIAM B. COSSITT, #3484
Office of the United States Trustee
300 Booth Street, Room 3009
Reno NV 89509
Telephone: (775) 784-5335
Fax: (775) 784-5531
Nick.Strozza@usdoj.gov
Bill.Cossitt@usdoj.gov

Attorneys for United States Trustee
Tracy Hope Davis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re | ) | Case no: BK-N-16-51281-GWZ |
| CAL NEVA LODGE, LLC, | ) | Chapter 11 |
| | ) | |
| | ) | US TRUSTEE'S MOTION TO |
| | ) | DISMISS CASE |
| | ) | |
| | ) | Hearing Date: May 2, 2017 |
| Debtor. | ) | Hearing Time: 2:00 p.m. |
| | ) | Est. Time Req.: 10 min. |

Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), by and through her undersigned counsel, hereby submits her Motion To Dismiss Case ("Motion"), based upon the Debtor's substantial or continuing losses and the unlikelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A).

This Motion is based upon the following points and authorities, together with the entire record in this case and the New Cal-Neva Lodge, LLC case, BK-N-16-51282, of which the US

1

Trustee respectfully requests the Court take judicial notice, and such evidence as may be introduced at the hearing on this Motion.

## POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 586(a)(3), the US Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code. To enable the US Trustee to carry out that duty, Congress has granted the US Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code. 11 U.S.C. § 307. Pursuant to 28 U.S.C. § 586(a)(8), "in any case in which the United States trustee finds material grounds for relief under section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the Court for relief."

A. **Statement of Facts:**

1. Cal Neva Lodge. LLC, filed a voluntary bankruptcy under chapter 11 on June 10, 2016. Docket #1.

2. The primary asset of the Debtor is its ownership of New Cal-Neva Lodge, LLC. Docket #'s 13, 25, and 27.

3. No Qualified Bids or bids exceeding the secured debts were received by the February 15, 2017 Bid Deadline, pursuant to the approved Bidding Procedures in the New Cal-Neva Lodge, LLC case. Bk-N-16-51282, Docket #'s 256 and 365.

4. February 20, 2017, HALL CA-NV, LLC gave notice that it would not continue to fund the expenses of preserving New Cal-Neva Lodge, LLC after February 28, 2017. BK-N-16-51282, Docket #386.

5. February 23, 2017, HALL CA-NV, LLC filed its motion to terminate the stay along with a supporting declaration. BK-N-16-51282, Docket #s 389 and 390.

6. The Debtor's monthly operating reports show virtually no income and costs including at least the quarterly chapter 11 fees. Docket #'s 26, 45, 75, 84, 110, 116, and 145.

7. The Debtor had $9,405.21 in cash as of the end of 2016. Docket #145, pg. 1.

8. Unpaid administrative claims have been approved and significant additional administrative claims have been incurred. See, Docket #'s 40, 107, and 128 ($68,348.50 – retainer $58,443.50 = $9,905).

**B. Application of facts and legal authorities:**

Section 1112(b)(1) of the Bankruptcy Code provides that a chapter 11 case shall be dismissed or converted to chapter 7, "whichever is in the best interests of creditors and the estate," upon a showing of "cause" by a preponderance of the evidence. 11 U.S.C. § 1112(b)(1). AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.), 213 F.3d 917, 920 (6th Cir. 2000).

Pursuant to 11 U.S.C. Section 1112(b)(4)(A), a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" is sufficient cause for dismissal. In re Creekside Senior Apartments, LP, 489 B.R. 51, 61 (6th Cir. BAP 2013); see also, In re Hoover, 828 F.3d 5, 2016 WL 3606918 (1st Cir. July 5, 2016) (affirming conversion under 11 U.S.C. § 1112(b)(4)(A)).

"To satisfy the first prong, a movant may demonstrate 'that the debtor continues to incur losses or maintains a negative cash-flow position after the entry of the order for relief' or that the debtor's assets have declined in value since the case was commenced." Creekside, 489 B.R. at 61. A "negative cash flow situation alone is sufficient to establish 'continuing loss to or diminution of the estate.'" Loop Corp. v. United States Trustee, 379 F.3d 511, 515-16 (8th Cir. 2004).

3

The Debtor has virtually no operating income.  Monthly Operating Reports, Docket #'s 26, 45, 75, 84, 110, 116, and 145.  The Debtor is incurring costs and administrative claims including quarterly chapter 11 fees and administrative claims for the Debtor's counsels.  Docket #'s 40, 107, and 128.  The Debtor had only $9,405.21 in cash as of the end of 2016.  Docket #145, pg. 1.  Therefore, the Debtor has "substantial or continuing loss to or diminution of the estate".

"Rehabilitation" of the Debtor is also not reasonably likely.  See, In re Fall, 405 B.R. 863 (Bankr. N.D. Ohio 2008), affirmed, 2009 WL 974538 ("rehabilitation" signifies something more than "reorganization").

> Courts have consistently understood "rehabilitation" to refer to the debtor's ability to restore the viability of its business.  See, e.g., In re Gonic Realty Trust, 909 F.2d 624, 627 (1st Cir. 1990) ("With no business left to reorganize, Chapter 11 proceedings were not serving the purpose of rehabilitating the debtor's business."); In re The Ledges Apartments, 58 B.R. 84, 87 (Bankr. D. Vt. 1986) ("Reorganization encompasses rehabilitation and may contemplate liquidation. Rehabilitation, on the other hand, may not include liquidation."); In re Wright Air Lines, Inc., 51 B.R. 96, 100 (Bankr. N.D. Ohio 1985) ("Rehabilitation as used in 11 U.S.C. Section 1112(b)(1) means to put back in good condition; re-establish on a firm, sound basis.").

Loop Corp. v. United States Tr., 379 F.3d 511, 516 (8th Cir. 2004).

> "The issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." In re Wallace, 2010 Bankr. LEXIS 261, 2010 WL 378351 at *4 (Bankr. D. Idaho Jan. 26, 2010) (quotations and citations omitted). "Rehabilitation is a different and much more demanding standard than reorganization." In re Creekside Senior Apartments, L.P., 489 B.R. at 61 (citing, In re Brutsche, 476 B.R. 298, 301 (Bankr. D.N.M. 2012) (citing 7 COLLIER ON BANKRUPTCY at ¶ 1112.04[6][a][ii])).

In re Hassen Imps. P'ship., 2013 Bankr. Lexis 3870 (9th Cir. BAP 2013)(not for publication).

Instances where courts have found no reasonable likelihood of rehabilitation are when (1) the "debtor is unable to service its debt," Creekside, 489 B.R. at 62;  or where (2) the proposed

4

plan is "not feasible, and… [the debtor is] unable to create a plan that is not contingent on future… [actions] with an uncertain and speculative outcome." In re Am. Capital Equip., LLC, 688 F.3d 145, 162 (3d Cir. 2012).

The primary asset of the Debtor is its ownership of New Cal-Neva Lodge, LLC. Docket #'s 13, 25, and 27. Despite New Cal-Neva Lodge, LLC having been professionally marketed pre- and post-petition since at least April 11, 2016,[1] the approved Bidding Procedures did not yield a Qualified Bid, or any bids exceeding the secured claims of $44 million. BK-N-16-51282, Docket #106-1, pgs. 7-11. HALL CA-NV, LLC therefore gave notice that it would not continue to fund the expenses of preserving New Cal-Neva Lodge, LLC after February 28, 2017; now April 30, 2017. BK-N-16-51282, Docket #386. It has already advanced $719,899.51 post-petition, which is both a secured claim and a super priority administrative claim. BK-N-16-51282, Docket #'s 255 and 386. It has also moved to terminate the automatic stay. BK-N-16-51282, Docket #s 389 and 390. The interest accrual on just the HALL CA-NV, LLC debt exceeds $315,000 per month ($26.9M at 14.2088% = $318,514 per month).

Pursuant to the representations at the Court hearing on February 21, 2017, there is not financing in place for the Busick/Suntorro plan, BK-N-16-51282, Docket #259, without concessions and agreement from the primary parties in the case: HALL, CA-NV, LLC, Ladera Development, LLC, and Penta Building Group, LLC. The Debtor has recently filed a proposed plan. Docket #153. The financing for the Debtor's plan is also currently contingent. Docket #396.

Any feasible plan of rehabilitation for New Cal-Neva Lodge, LLC, would require not only new financing sufficient to complete the building and begin operations, but also state and

---

1 Engagement Letter for CBRE, Inc. BK-N-16-51282, Docket #106-1, pgs. 7-11.

5

Gaming Control approvals, all in time for the limited construction season at Lake Tahoe. The interest accruals and administrative expenses on the existing secured debt appear to have already exceeded the "as is" value of the New Cal-Neva Lodge, LLC's estate. This Debtor and New Cal-Neva Lodge, LLC are therefore, currently administratively insolvent cases.

Therefore, there is not a reasonable likelihood of rehabilitation of the Debtor. It is not operating. The plans being proposed are liquidation plans for its ownership interest in New Cal-Neva Lodge, LLC. In every proposed scenario, the Debtor's ownership interest is exchanged for a minority non-operating interest.

Therefore, cause exists for this case to be dismissed. 11 U.S.C. § 112(b)(4)(A).

## **CONCLUSION**

WHEREFORE, for all the reasons stated above, the US Trustee respectfully requests the Court dismiss this case, and grant such other relief as the Court deems proper.

DATED this 2nd day of March, 2017.

Respectfully submitted,

Nicholas Strozza  
State Bar # CA 117234  
William B. Cossitt  
State Bar #3484  
300 Booth Street, #3009  
Reno NV 89509  
(775) 784-5335  

/s/ WILLIAM B. COSSITT  
_____  
Attorneys for United States Trustee  
Tracy Hope Davis

6

# CERTIFICATE OF SERVICE

1. On March 3, 2017 I served the foregoing US TRUSTEE'S MOTION TO DISMISS CASE.

2. I served the above-named document( by the following means to the persons as listed below:

☒ a. ECF System:

- PETER J. BENVENUTTI    pbenvenutti@kellerbenvenutti.com
- LOUIS M. BUBALA    lbubala@kcnvlaw.com, mmarsh@kcnvlaw.com;cbyrne@kcnvlaw.com
- DAWN M. CICA    DCica@BlackLoBello.law, mstallsworth@BlackLoBello.law
- JAMIE P. DREHER    jdreher@downeybrand.com, reno@downeybrand.com
- MICHAEL N FEDER    mfeder@dickinson-wright.com, kkoehm@dickinson-wright.com;lstewart@dickinson-wright.com
- SCOTT D. FLEMING    sfleming@armstrongteasdale.com, mlambeth@armstrongteasdale.com
- CHRISTOPHER H. HART    chart@nutihart.com, nwhite@nutihart.com
- JEFFREY L HARTMAN    notices@bankruptcyreno.com, sji@bankruptcyreno.com
- JANE KIM    jkim@kellerbenvenutti.com
- MICHAEL D. KNOX    mknox@downeybrand.com, reno@downeybrand.com
- COURTNEY MILLER O'MARA    comara@fclaw.com, mbyrd@fclaw.com;nlong@fclaw.com
- DAVID M. POITRAS    dpoitras@jmbm.com, bt@jmbm.com
- JASON E. RIOS    jrios@ffwplaw.com, shoang@ffwplaw.com
- ALAN R SMITH    mail@asmithlaw.com
- U.S. TRUSTEE - RN - 11    USTPRegion17.RE.ECF@usdoj.gov

☒ b. U.S. Mail, postage fully prepaid:

JEFFER, MANGELS, BUTLER & MITCHELL LLP
1900 AVENUE OF THE STARS, 7TH FLOOR
LOS ANGELES, CA 90067-4308

DARA LEVINSON SILVEIRA
KELLER & BENVENUTTI LLP
650 CALIFORNIA ST. #1900
SAN FRANCISCO, CA 94108

DAVID M. POITRAS
JEFFER MANGELS BUTLER AND MARMARO
1900 AVENUE OF THE STARS, 7TH FLR
LOS ANGELES, CA 90067-2904

7

1  DOUGLAS B. PROVENCHER
   PROVENCHER AND FLATT
2  823 SONOMA AVE
   SANTA ROSA, CA 95404
3

4  ROBERT RADOVAN
   NEW CAL-NEVA LODGE LLC
5  1336 OAK AVE., STE D
   ST. HELENA, CA 94574
6

7  STARWOOD HOTELS & RESORTS WORLDWIDE, INC.
   C/O SCOTT D. FLEMING
8  3770 HOWARD HUGHES PARKWAY, SUITE 200
   LAS VEGAS, NV 89169
9

10 THE SHERATON, LLC
   C/O SCOTT D. FLEMING
11 3770 HOWARD HUGHES PARKWAY, SUITE 200
   LAS VEGAS, NV 89169
12

   I declare under penalty of perjury that the foregoing is true and correct.
13
            DATED this 3rd day of March, 2017.
14

15                              /s/ Robbin Little
                                ROBBIN LITTLE
16

17

18

19

20

21

22

23

24

25

26

27

28
                                    8