1  ALAN R. SMITH, ESQ.
   Nevada Bar No. 1449
2  Law Offices of Alan R. Smith
   505 Ridge Street
3  Reno, Nevada  89501
   Telephone (775) 786-4579
4  Facsimile (775) 786-3066
   **Email: mail@asmithlaw.com**

5
   Attorney for Creditors/Plan Proponents,
6  Leslie P. Busick, Paul Jameson, David Marriner,
   Charles and Judith Munnerlyn, Anthony Zabit,
7  D4S, LLC, dba Dimension 4, Paul and Evy Paye

8

9                UNITED STATES BANKRUPTCY COURT

10                     DISTRICT OF NEVADA

11                        —ooOoo—

12  In Re:                              Case No. BK-N-16-51281-GWZ
                                        Chapter 11
13  CAL NEVA LODGE, LLC,

14         Debtor.                      Hearing Date:   June 1, 2017
                                        Hearing Time:  1:00 p.m.
15
   _____/
16

17

18

19
            **CREDITORS' THIRD AMENDED**
20

21
        **JOINT DISCLOSURE STATEMENT**
22

23

24

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

# TABLE OF CONTENTS

Page

1.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.1    Summary of Modifications to Disclosure Statement
            And to Creditors' Second Amended Disclosure Statement . . . . . . . . . . . 2

    1.2    Purpose of the Disclosure Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1.3    Acceptance and Confirmation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    1.4    Confirmation Without Acceptance By All Impaired Classes . . . . . . . . . . 4

    1.5    Disclaimer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2.  INFORMATION REGARDING THE CHAPTER 11 ESTATE . . . . . . . . . . . . . 5

    2.1    Background of the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    2.2    Ownership of Debtor and Its Management . . . . . . . . . . . . . . . . . . . . . . 6

    2.3    Description of the Resort and Related Assets . . . . . . . . . . . . . . . . . . . . 6

    2.4    Reasons for the Chapter 11 Filings . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

3.  DEVELOPMENTS DURING THE COURSE OF THIS
    CHAPTER 11 CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    3.1    The Cal Neva Schedules and Statement of Financial Affairs . . . . . . . . . 8

    3.2    The Cal Neva Bar Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    3.3    The Employment of Cal Neva Professionals and Interim Compensation . 9

    3.4    Transfer of Venue to Reno, Nevada . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    3.5    The Ladera Motion for Relief from the Automatic Stay . . . . . . . . . . . . . 9

    3.6    The U.S. Trustee's Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . 10

    3.7    The New Cal-Neva Schedules and Statement of Financial Affairs . . . . . . 10

    3.8    Use of Cash Collateral and DIP Financing . . . . . . . . . . . . . . . . . . . . . 10

    3.9    The New Cal-Neva Claims Bar Date . . . . . . . . . . . . . . . . . . . . . . . . . 10

    3.10   Appointment of New Cal-Neva Unsecured Creditors' Committee . . . . . . 10

    3.11   Employment of New Cal-Neva Professionals . . . . . . . . . . . . . . . . . . . 10

    3.12   Approval of Professional Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    3.13   Transfer of New Cal-Neva Case to Reno, Nevada . . . . . . . . . . . . . . . . 11

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

i

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

3.14 The Hall Motion For Relief from the Automatic Stay . . . . . . . . . . . . . . . 11

3.15 Mayer Expense Reimbursement Motion . . . . . . . . . . . . . . . . . . . . . . . . . 11

3.16 U.S. Trustee's Motion to Dismiss New Cal-Neva Case . . . . . . . . . . . . . 12

4. PENDING LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

4.1 Cal Neva Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

4.2 New Cal-Neva Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

5. DESCRIPTION OF ASSETS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5.1 Assets of New Cal-Neva . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5.2 Assets of Cal Neva . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5.3 Appraisal of Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5.4 Potential Claims for Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

6. DESCRIPTION OF DEBTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

6.1 Administrative Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

6.2 Priority Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

6.3 Secured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

6.4 Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

7. EXECUTORY CONTRACTS AND UNEXPIRED LEASES . . . . . . . . . . . . . 15

8. SUMMARY OF CREDITORS' PLAN OF REORGANIZATION . . . . . . . . . 15

8.1 Classification of Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . 16

8.2 Unimpaired Classes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

8.3 Treatment of Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

8.3.1 Class 1 (Placer County) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

8.3.2 Class 2 (Hall) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

8.3.3 Class 3 (Ladera) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

8.3.4 Class 4 (Penta) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

8.3.4.1 Treatment of Classes 1,2 and 3 . . . . . . . . . . . . . . . . . . . . . . . 17

8.3.5 Class 5 (Subcontractors) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

8.3.6 Class 6 (Unsecured Creditors of New Cal-Neva) . . . . . . . . . . . 19

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

| | | | |
|---|---|---|---|
| | 8.3.7 | Class 7 (Unsecured Creditors of Cal Neva) | 19 |
| | 8.3.8 | Class 8 (Capital One Bank) | 19 |
| | 8.3.9 | Class 9 (Membership Interest in New Cal-Neva) | 19 |
| | 8.3.10 | Class 10 (Membership Interest in Cal Neva) | 19 |
| 8.4 | | Treatment of Unclassified Claims | 19 |
| | 8.4.1 | Administrative Claims | 19 |
| | 8.4.2 | Administrative Claims Bar Date | 20 |
| | 8.4.3 | Fees to the United States Trustee | 20 |
| | 8.4.4 | Priority Claims | 20 |
| 8.5 | | Executory Contracts | 20 |
| 8.6 | | Means of Implementing the Plan | 21 |
| | 8.6.1 | New Financing to Fund Plan | 21 |
| | 8.6.2 | Vesting of Assets of the Estates | 22 |
| | 8.6.3 | Disbursing Agent | 22 |
| | 8.6.4 | Completion of Improvements | 23 |
| | 8.6.5 | Post-Confirmation Management of the Debtor | 23 |
| | 8.6.6 | No Election Under 1111(b) | 24 |
| | 8.6.7 | Exemption from Certain Taxes and Fees | 24 |
| 9. | | POST-CONFIRMATION FINANCIAL CONDITION OF THE DEBTOR | 24 |
| 10. | | ALTERNATIVES TO THE CREDITORS' PLAN | 24 |
| 10.1 | | Tax Consequences of the Creditors' Plan | 25 |
| 10.2 | | Liquidation Analysis | 25 |
| 11. | | CONFIRMATION OF THE CREDITORS' PLAN | 25 |
| 11.1 | | Confirmation of the Creditors' Plan | 25 |
| 11.2 | | Objections to Confirmation of the Creditors' Plan | 25 |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

iii

1.    **INTRODUCTION**

The Creditors' Third Amended Joint Disclosure Statement (hereinafter the "Disclosure Statement") is provided to creditors in connection with the solicitation of acceptances of the Creditors' Second Amended Joint Plan of Reorganization (the "Creditors' Plan"), proposed by Leslie P. Busick, Paul Jameson, David Marriner, Charles and Judith Munnerlyn, Anthony Zabit, D4S, LLC, dba Dimension 4, Paul and Evy Paye, (the "Proponents") filed on May 2, 2017, or any subsequent amended plan of reorganization. The New Cal-Neva Lodge, LLC ("New Cal-Neva") reorganization case is under Chapter 11 of the United States Code, and was filed on **July 28, 2016**, and is currently pending in the United States Bankruptcy Court for the District of Nevada as **Case No. BK-N-16-51282-GWZ** (the "New Cal-Neva Case"). The Cal Neva Lodge, LLC ("Cal Neva") reorganization case is under Chapter 11 of the United States Code and was filed on July 28, 2016, and is currently pending in the United States Bankruptcy Court for the District of Nevada as **Case No. BK-N-16-51281-GWZ** (the "Cal Neva Case"). The Creditors' Plan provides for the treatment of claims of creditors and interests of the equity security holders in both the Cal Neva Case and the New Cal-Neva Case.[1,2]

The objective of a Chapter 11 bankruptcy case is to obtain Bankruptcy Court approval of a plan of reorganization. This process is referred to as confirmation of a plan. A plan describes in detail (and in language appropriate for a legal contract) the means for satisfying the claims against, and equity interests in, a Debtor. After a plan has been filed, the holders of such claims and equity securities that are "impaired" (a term defined in Bankruptcy Code Section 1124 and discussed in detail below) are permitted to vote to accept or reject the plan. Before a Debtor or other plan proponent can solicit acceptances of a plan, Bankruptcy Code Section 1125 requires the Proponent prepare a disclosure statement containing adequate

---

[1] Capitalized terms not otherwise defined herein will have the same meaning as are ascribed to such terms in the Creditors' Second Amended Joint Plan of Reorganization which is filed contemporaneously herewith.

[2] An equity security of the Debtor as the term is defined in Section 101(16) of the Bankruptcy Code and includes any membership interest in the Debtor.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

1

1  information of a kind, and in sufficient detail, to enable those parties entitled to vote on the
2  plan to make an informed judgment about the plan and whether they should accept or reject
3  the plan.

4  **1.1    Summary of Modifications to Disclosure Statement and to Creditors'**
5  **Second Amended Disclosure Statement**

6  The Plan Proponents have made numerous revisions to their previous Disclosure
7  Statement [DE 505] in response to various objections, which revisions are itemized as
8  follows:

9  A)    Section 8.6.1 has been modified to explain in more detail the source, amount
10  and conditions of the New Financing to be used to fund the Plan. Attached hereto as **Exhibit**
11  **"H"** is a letter of intent with regard to the New Financing. In addition, the sum of
12  $1,000,000.00 has been deposited into a trust account of the Law Offices of Alan R. Smith
13  in connection with the New Financing.

14  B)    Section 2.3(C) has been revised to describe the dispute concerning the
15  Fairwinds Property. Section 2.3(D) has been added to describe the agreement between the
16  Plan Proponents and Paye.

17  C)    Section 5 has been modified, and sections 5.2, 5.3, and 5.4 have been added,
18  to more accurately identify the assets of each Debtor, including a description of the
19  Reorganized Debtor's intent regarding the pursuit of any litigation. Section 5.3 has also been
20  modified to identify the appraisal commissioned by the Plan Proponents, and its estimated
21  completion date.

22  D)    Section 6.3 has been modified to accurately list the secured claims scheduled
23  against each Debtor, and the proofs of claim for secured debt filed against each Debtor.

24  E)    Section 6.4 has been modified to identify the unsecured claims scheduled
25  against each Debtor, and the proofs of claim for unsecured debt filed against each Debtor.

26  F)    The Post-Confirmation Financial Statement and Liquidation Analysis have
27  been revised as set forth in **Exhibit "F"** and **Exhibit "G."**

28  G)    Section 8.6.5 has been modified to add Viceroy Hotel Group, LLC as manager

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada   89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

2

of the Property post-confirmation.

H) Section 8.6.4 has been modified to identify Allco Construction, Inc., as the entity that will complete the improvements for the Reorganized Debtor.

I) Section 8.6.2 has been modified to provide that all property of both Debtors shall be transferred to Tahoe Cal Neva Resort, LLC ("TCNR") upon the Effective Date. The members of TCNR are identified, but the percentage of ownership of each member has not yet been determined.

J) Section 8.6.3 has been modified to provide that a licensed CPA shall act as Disbursing Agent, and that all disbursements shall be made after Notice and Hearing, and approval of the Bankruptcy Court.

The Plan Proponents have made several modifications to the Creditors' Second Amended Disclosure Statement, which are summarized below:

A) An appraisal of the Property was completed by Johnson Perkins & Associates on May 22, 2017 (*see* §5.3). To the extent it was not provided in time to file this Disclosure Statement, it will be filed as an errata, attaching it as **Exhibit "H."**

B) Section 8.6.1 was amended to provide that all due diligence has been completed by Northwind, except for an independent appraisal to be prepared by Northwind, which is expected to be completed within 45 days. *See* **Exhibit "G-1."**

C) Section 8.6.5 has been modified to attach a letter and term sheet with Viceroy (**Exhibit "I"**).

D) Section 8.6.4 has been amended to include an estimate of the cost to complete the improvements to the Property (**Exhibit "J"**), and a summary of the costs to complete as well as the pre-opening costs is attached as **Exhibit "K."**

E) Section 8.6.5 has been amended to include a term sheet with Viceroy, which is attached as **Exhibit "I."**

F) The language in Section 8.6.6 has been modified slightly based upon the filing of §1111(b) elections by various creditors.

**1.2    Purpose of the Disclosure Statement**

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

3

The purpose of this Disclosure Statement is to ensure that claimants have adequate information to enable each class to make an informed judgment about the Creditors' Plan. The assets and liabilities of the Debtor are summarized herein. To the extent the information contained in this Disclosure Statement may be inconsistent with the Debtors' Schedules and Statement of Financial Affairs in each bankruptcy case, this Disclosure Statement shall supersede such Statements and Schedules (as may have been amended).

This Disclosure Statement describes the business background and operating history of the Debtor before the filing of the case. It also summarizes certain significant events that have taken place during the case and describes the terms of the Creditors' Plan, which divides creditor claims and the interests of shareholders into classes and provides for the satisfaction of allowed claims and interests.

The Court will set a time and date as the last day to file acceptances or rejections of the Creditors' Plan. Thereafter, a hearing on confirmation of the Creditors' Plan will be held in the United States Bankruptcy Court for the District of Nevada, located at the U.S. Federal Building & Courthouse, 300 Booth Street, Reno, Nevada. Creditors may vote on the Creditors' Plan by filling out and mailing a special form of ballot. The form of ballot and special instructions for voting will be forthcoming upon approval of the Disclosure Statement by the Court. Creditors are urged to carefully read the contents of this Disclosure Statement before making a decision to accept or reject the Creditors' Plan.

### 1.3    Acceptance and Confirmation

In order for the Creditors' Plan to be confirmed, each impaired class of claims or interests must accept the Creditors' Plan, except as set forth below. In order for the Creditors' Plan to be deemed accepted, a majority in number and two-thirds in dollar amount of the claims of each class of creditors impaired under the Creditors' Plan of those that actually vote, must vote for acceptance of the Creditors' Plan. Holders of claims who fail to vote are not counted as either accepting or rejecting the Creditors' Plan.

Classes of claims that are not "impaired" under the plan are deemed to have accepted the Creditors' Plan. Acceptances of the Creditors' Plan are being solicited only from those

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal Neva 052117-dlg.wpd

4

1  persons who hold claims or interests in impaired classes.  A class is "impaired" if the legal,

2  equitable or contractual rights attaching to the claims or interests of that class are modified,

3  other than by curing defaults and reinstating maturities, or by payment in full in cash.  In this

4  case all creditors are impaired, and therefore voting is required.

5        **1.4  Confirmation Without Acceptance By All Impaired Classes**

6        The Bankruptcy Code contains provisions for confirmation of a plan even if the

7  Creditors' Plan is not accepted by all impaired classes, as long as at least one impaired class

8  of claims has accepted the Creditors' Plan.

9        **1.5  Disclaimer**

10        No representations concerning the Debtors are authorized other than as set forth in this

11  Disclosure Statement.  Any representations or inducements made to secure your acceptance

12  or rejection of the Creditors' Plan other than as contained herein have not been authorized

13  and should not be relied upon by you in making your decision, and such additional

14  representations and inducements should be reported to counsel for the Proponents, who in

15  turn should deliver such information to the Court for such action as may be deemed

16  appropriate.  The information contained herein has not been subjected to a certified audit.

17  The records kept by the Debtor and other information relied on herein are dependent upon

18  investigations and accounting performed by the Proponents and others employed by the

19  Proponents.  The Proponents are unable to warrant that the information contained herein is

20  without inaccuracy, although a great effort has been made to be accurate, and the Proponents

21  believe that the information contained herein is, in fact, accurate.

22  **2.  INFORMATION REGARDING THE CHAPTER 11 ESTATE**

23        **2.1  Background of the Debtor**

24        The Debtor, NEW CAL-NEVA LODGE, LLC ("New Cal-Neva"), commenced its

25  bankruptcy case on July 28, 2016 in the United States Bankruptcy Court for the Northern

26  District of California (the "California Bankruptcy Court"), Santa Rosa Division.  On July 28,

27  2016, Cal Neva Lodge, LLC ("Cal Neva") also filed its case in the United States Bankruptcy

28  Court for the Northern District of California, Santa Rosa Division.  On September 28, 2016,

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

5

the California Bankruptcy Court transferred the New Cal-Neva case and the Cal Neva case to this Court, effective October 13, 2016. Renovations to the Property owned by New Cal-Neva were commenced in July of 2014, but in December of 2015 all work ceased due to disagreements with The Penta Building Group, LLC. The business has remained closed since that date.

### 2.2    Ownership of Debtor and Its Management

The sole member of New Cal-Neva is Cal Neva. The manager of New Cal-Neva is CR Hospitality, LLC. The members of Cal Neva are identified in **Exhibit "I"** hereto.

### 2.3    Description of the Resort and Related Assets.

(A)    <u>The Resort</u>. The Debtors' principal asset is a hotel, spa & casino known as the Cal Neva Resort Hotel & Casino. The Resort is comprised of over 13.5 acres located along the North Shore of Lake Tahoe, stretching over two states in Crystal Bay, Nevada and Kings Beach, California. The Resort includes 191 hotel guestrooms, cabins and terrace rooms, a full service spa, the Frank Sinatra Showroom, the Indian Room, a casino with a 17,000 square-foot gaming floor, the historic Circle Bar, a specialty restaurant, the Casino bar, a terrace level family restaurant, the Boardroom & Wine Cellar, a gourmet market, a kids adventure center, an outdoor pool and patio, boutiques (retail), state of the art fitness facility, approximately 16,000 square feet of indoor/outdoor meeting space, parking for 248 vehicles, and potentially the conversion of 28 tourist accommodation units into condominiums. The Proponents' have reached an agreement for the rights to the Fairwinds Estate, a lakefront estate that includes a beach and a private pier, as described in subsection "C" below.

The Resort was originally developed in 1926, burned down in 1937, and was reconstructed within approximately 30 days. After numerous owners, including Frank Sinatra, Cal Neva purchased the equity in New Cal-Neva Lodge in April 2013, and the Debtors have owned the Resort since that date.

In 2014, the Debtors closed the Resort and acquired funds through loans and equity to undertake a substantial redevelopment of the Resort. Construction progressed throughout 2015, at which point the construction ran into difficulty for various reasons, and renovation

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal Neva 052117-dlg.wpd

6

1 ceased.

2         (B)    <u>The Furniture, Fixtures and Equipment</u>. To date, New Cal-Neva has

3 purchased most of the furniture, fixtures and equipment necessary to open and operate the

4 Resort (the "FF&E"). All FF&E for guest rooms has been purchased with the exception of

5 terrace rooms and cabins. The FF&E is being stored off-site in Sparks, Nevada.

6         (C)    <u>The Fairwinds Estate</u>. The Fairwinds Estate is located at 9898 Lake

7 Street, Kings Beach, California, which property is adjacent to the Resort. The Fairwinds

8 Estate is comprised of a 1.7 acre lot and a 5,400 square foot house, with 7 bedrooms, 7

9 bathrooms, lake access and a multiple boat dock. The Fairwinds Estate is encumbered by a

10 mortgage in favor of Capital One Bank. The outstanding amount owed on the mortgage is

11 approximately $4.5 million. In October 2014, the Fairwinds Estate was owned by 9898

12 Lake, LLC. Paul and Evy Paye, LLC ("Paye") owned 100% of the membership interests in

13 9898 Lake, LLC. In October 2014, Paye and the Debtors entered into an Exchange

14 Agreement whereby title to the Fairwinds Estate was to be transferred CR Lake Tahoe, LLC

15 ("CR Lake Tahoe") in exchange for Paye and Marriner Real Estate, LLC (Paye's broker)

16 receiving an equity interest in Cal Neva. The sole member of CR Lake Tahoe is New Cal-

17 Neva. The Debtors and Paye valued the equity in the property at the time of the Exchange

18 Agreement at $2 million. Paye was to receive an equity interest in Cal Neva of 6.67% and

19 Marriner was to receive an equity interest of 0.65%.

20       Paye has filed an Objection to Debtors' First Amended Disclosure Statement [DE

21 204] and to the Disclosure Statement For Ladera Development, LLC [DE 182] in which Paye

22 asserts that there have been various breaches of the Exchange Agreement, including failure

23 to make payments to Capital One Bank, failure to pay utilities, failure to maintain the

24 property, failure to provide insurance for the property, failure to make payments for lease of

25 the boat dock, and an attempt to sell the membership interest to a third party. Paye also

26 asserts a right to repurchase the Property under certain terms as set forth in the Exchange

27 Agreement. Paye has stated in its objection that they intend to commence an adversary

28 proceeding for breach of contract. At this time, it is uncertain whether the Fairwinds Estate

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

7

1   is an asset of New Cal-Neva.

2        (D)    Paye has agreed to the terms of the Plan proposed by the Plan Proponents, and

3   if such Plan is confirmed will not pursue litigation against the Plan Proponents.

4        **2.4    Reasons for the Chapter 11 Filings**

5        Prior to the Chapter 11 filings, Hall and Ladera made loans to New Cal-Neva to

6   finance the renovation of the Resort. The principal amount advanced by Hall was

7   approximately $22 million and the principal amount advanced by Ladera was $6 million.

8   The Hall loan is secured by a first priority deed of trust against the real property and

9   substantially all of New Cal-Neva's personal property. The Ladera loan is secured by a

10   junior deed of trust against the real property, a junior deed of trust against New Cal-Neva's

11   personal property, and the pledge of Cal Neva's membership interests in New Cal-Neva.

12   Penta was the general contractor for the renovation of the Resort. Penta asserts mechanics'

13   liens on behalf of itself and certain sub-contractors to secure claims in the range of $7.5 to

14   $9 million. Penta has commenced legal actions asserting that its mechanics' liens are senior

15   to the Hall and Ladera deeds of trust, which are pending adversary proceedings in the

16   Bankruptcy Cases. Work on the project stopped in late 2015 because the available remaining

17   funding was not sufficient to complete the renovation of the Resort. As a result, the Hall and

18   Ladera loans went into default. Hall filed and served a notice of default election to sell the

19   Real Property on March 15, 2016, and thereafter, filed and served a notice of sale of the Real

20   Property, scheduling the sale for August 1, 2016. New Cal-Neva filed its Chapter 11 case

21   on July 28, 2016 to preserve its equity in the Resort.

22   **3.    DEVELOPMENTS DURING THE COURSE OF THIS CHAPTER 11 CASE**

23        **3.1    The Cal Neva Schedules and Statement of Financial Affairs.**

24        The Debtor timely filed its Schedules of Assets and Liabilities and Statement of

25   Financial Affairs, and duly appeared at the meeting of creditors conducted pursuant to

26   Bankruptcy Code § 341 on July 15, 2016. The Debtor is current in the filing of its Monthly

27   Operating Reports.

28        **3.2    The Cal Neva Claims Bar Date.**

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

8

1    The Claims bar date in the Cal Neva case was October 13, 2016.

2    **3.3    The Employment of Cal Neva Professionals and Interim Compensation.**

3    The only professionals employed in the Cal Neva case is the Debtor's legal counsel,

4    Jeffer Mangels Butler & Mitchell LLP ("JMBM"), whose employment was approved by

5    order of the Bankruptcy Court entered August 4, 2016, and Hartman & Hartman, whose

6    employment was approved by order of the Bankruptcy Court entered November 28, 2016.

7    JMBM's First Interim Application for Approval of Attorneys' Fees and Expenses was heard

8    on February 21, 2017, at which hearing JMBM sought court approval of fees in the amount

9    of $66,132.50 and expenses of $2,216.06, and to apply the prepetition retainer it received in

10   the amount of $58,443.50 to such amount. The JMBM fee application was approved at the

11   February 21, 2017 hearing.

12   **3.4    Transfer of Venue to Reno, Nevada.**

13   On August 2, 2016, The Penta Building Group, Inc. ("Penta"), the general contractor

14   for the renovation of the Real Property, filed a Motion to Transfer Venue of the Cases to the

15   District of Nevada (Reno) (the "Venue Motion"). The Debtors duly opposed the Venue

16   Motion. Notwithstanding, pursuant to a tentative ruling issued by Judge Jaroslovsky, it was

17   apparent that venue would be transferred to the Bankruptcy Court in Reno. Accordingly, the

18   Debtors consented to a transfer of venue, and a consensual order transferring venue of the

19   Cases from Santa Rosa to Reno was entered September 28, 2016, with the effective date of

20   the transfer being October 13, 2016. Upon the transfer of the Cases to Reno, they were

21   initially assigned to Bankruptcy Judge Beesley, but were later reassigned to Bankruptcy

22   Judge Zive.

23   **3.5    The Ladera Motion for Relief from the Automatic Stay.**

24   On March 1, 2017, Ladera filed a motion with the Bankruptcy Court for relief from

25   the automatic stay in the Cal Neva case, seeking an order from the Bankruptcy Court

26   allowing it to conduct a postpetition foreclosure sale of Cal Neva's membership interests in

27   New Cal-Neva. Cal Neva opposed the motion on various grounds, including, but not limited

28   to, the membership interests are absolutely necessary to the successful reorganization of Cal

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

9

1   Neva. A status hearing on the motion was set for May 3. 2017, and the hearing will likely

2   be continued.

3       **3.6    The U.S. Trustee's Motion to Dismiss.**

4       On March 3, 2017, the U.S. Trustee filed a motion to dismiss the Cal Neva case,

5   which motion alleges that Cal Neva is unable to confirm a Chapter 11 plan. The motion is

6   set for status hearing on May 3, 2017, at the same time as the hearing on this Disclosure

7   Statement. The U.S. Trustee filed a similar motion in the New Cal-Neva case.

8       **3.7    The New Cal-Neva Schedules and Statement of Financial Affairs.**

9       New Cal-Neva timely filed its Schedules of Assets and Liabilities and Statement of

10  Financial Affairs, and duly appeared and was examined at the Meeting of Creditors

11  conducted pursuant to Bankruptcy Code § 341 on September 2, 2016. New Cal-Neva is

12  current in the filing of its Monthly Operating Reports.

13      **3.8    Use of Cash Collateral and DIP Financing.**

14      By orders entered September 19, 2016 and January 4, 2017, the Bankruptcy Court

15  approved New Cal-Neva's use of cash collateral and post-petition financing from Hall, both

16  of which are required to maintain and preserve the Property, pending completion of the

17  renovations, particularly during the winter season.

18      **3.9    The New Cal-Neva Claims Bar Date.**

19      The Claims bar date in the New Cal-Neva case was December 1, 2016.

20      **3.10    Appointment of New Cal-Neva Unsecured Creditors' Committee.**

21      An Unsecured Creditors' Committee was appointed in the New Cal-Neva case on

22  September 13, 2016.

23      **3.11    Employment of New Cal-Neva Professionals.**

24      The professionals employed in the New Cal-Neva case are (i) the Debtor's legal

25  counsel, (a) Keller & Benvenutti LLP, whose employment was approved by order of the

26  Bankruptcy Court entered August 15, 2016; (b) Hartman & Hartman, whose employment was

27  approved by order of the Bankruptcy Court entered December 5, 2016 and © JMBM as

28  special Bankruptcy Code § 327(e) counsel, whose employment was approved by order of the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

1  Bankruptcy Court entered August 17, 2016; (ii) the Debtor's real estate broker, CBRE, Inc.,

2  whose employment was approved by order of the Bankruptcy entered January 6, 2017; (iii)

3  legal counsel employed by the Committee, (a) Pachulski Stang Ziehl & Jones LLP, whose

4  employment was approved by order entered November 7, 2016, and (b) Fennemore Craig,

5  P.C., whose employment was approved by order of the Bankruptcy Court entered November

6  7, 2016, and (c) the Committee's financial advisor, Province, Inc., whose employment was

7  approved by order of the Bankruptcy Court entered November 7, 2016.

8      **3.12    Approval of Professional Fees.**

9          Keller & Benvenutti's First Interim Application for Approval of Attorneys' Fees and

10  Expenses was heard by the Bankruptcy Court on February 21, 2017, at which hearing it

11  sought court approval of fees in the amount of $236,240.00 and expenses of $262.07, and to

12  apply the prepetition retainer it received in the amount of $96,500.00 to such amount.  Att

13  the February 21, 2017 hearing, the Bankruptcy Court approved the Keller & Benvenutti fee

14  application.

15      **3.13    Transfer of New Cal-Neva Case to Reno, Nevada.**

16          As set forth in Section 3.4 above, the New Cal-Neva case has been transferred from

17  the U.S. Bankruptcy Court in Santa Rosa and is now pending in the Bankruptcy Court in

18  Reno along with the Cal Neva case.

19      **3.14    The Hall Motion For Relief from the Automatic Stay.**

20          Subsequent to the auction being cancelled, on February 23, 2017, Hall filed a motion

21  with the Bankruptcy Court, seeking relief from the automatic stay to foreclose on the Real

22  Property (the "Hall RFS Motion").  As of the date of this Disclosure Statement, the first

23  substantive hearing on the Hall RFS Motion is set for May 3, 2017, at the same as the hearing

24  to consider approval of this Disclosure Statement.

25      **3.15    Mayer Expense Reimbursement Motion.**

26          In connection with the investment by Mayer, New Cal-Neva sought and obtained

27  Bankruptcy Court approval to provide Mayer with an Allowed Administrative Claim for

28  expense reimbursement of up to $150,000, payable only on certain conditions.  It is

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal Neva 052117-dlg.wpd

15

1 | undetermined as of the date of this Disclosure Statement if Mayer will meet the conditions

2 | entitling it to expense reimbursement.

3 | **3.16   U.S. Trustee's Motion to Dismiss New Cal-Neva Case.**

4 | As set forth in Section 3.6 above, on March 3, 2017, the U.S. Trustee filed a motion

5 | to dismiss the Cal Neva case. The U.S. Trustee also filed a substantially similar motion in

6 | the New Cal-Nevada case, which motion is set for hearing on May 3, 2017.

7 | **4.    PENDING LITIGATION**

8 | **4.1    Cal Neva Litigation.**

9 | On its petition date, Cal Neva was a party to one lawsuit, entitled *George Stuart*

10 | *Yount, individually and in his capacity as Owner of George Stuart Yount IRA & Criswell*

11 | *Radovan, LLC, CR Cal Neva, LLC, Robert Radovan, William Criswell, Cal Neva Lodge,*

12 | *LLC, Powell, Coleman and Arnold LLP, David Marriner; and Marriner Real Estate, LLC,*

13 | filed in the Second Judicial District Court of the State of Nevada, in and for the County of

14 | Washoe, for breach of contract, breach of duty, fraud, negligence, conversion, and punitive

15 | damages, in connection with a $1 million loan or investment allegedly made by the plaintiff,

16 | concerning one or more of the above defendants. As to the Debtor, the litigation has been

17 | stayed since the Cal Neva petition date.

18 | **4.2    New Cal-Neva Litigation.**

19 | On its petition date, New Cal-Neva was a party to three lawsuits:

20 | The first, generally styled as *Xavier Moulin v. Criswell Radovan, LLC, New Cal-Neva*

21 | *Lodge, et al.*, filed in the Second Judicial District Court of the State of Nevada, in and for the

22 | County of Washoe, claiming breach of contract arising out of an alleged employment

23 | agreement, which complaint seeks damages of approximately $103,000. As to New Cal-

24 | Neva, the litigation has been stayed since the New Cal-Neva petition date.

25 | The second and third lawsuits are interrelated, and are between Penta and other

26 | holders of Mechanics' Lien Claims against Hall and New Cal-Neva, concerning lien priority

27 | between the holders of mechanics' lien claims (including Penta) and Hall. As the Real

28 | Property is situated in both California and Nevada, similar lawsuits were pending in the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

13

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

Superior Court of the State of California, County of Placer, and in the Second Judicial District Court of the State of Nevada, Washoe County.  Since the filing of New Cal-Neva's petition, both of those state court actions were moved and otherwise transferred to the Bankruptcy Court in Reno.  Since the New Cal-Neva's petition date, there has been no substantive activity in either of these cases.  These cases are referred to as the "Secured Creditors' Adversary Proceedings" in the Plan.

## 5.    DESCRIPTION OF ASSETS

### 5.1    Assets of New Cal-Neva

| Description | Estimated Value |
|---|---|
| Cash on hand | $5,000.00 (estimated by Plan Proponents) |
| Real Property (as described in Section 2.3(A) above) | $35,000,000.00 (estimated by Plan Proponents, subject to appraisal) |
| Personal Property (as described in Section 2.3(B) above) | $2,000,000.00 (estimated by Plan Proponents, subject to appraisal) |
| Potential Claims for recovery | Unknown (See section 5.4 below) |
| CR Lake Tahoe, LLC (Fairwinds Estate) | $2,000,000.00 (estimated by Plan Proponents - may not be an asset based on Paye objection) |
| **Est. Value of Total Assets:** | **$39,500,000.00** |

### 5.2    Assets of Cal Neva

The sole asset of Cal Neva is its equity interest in New Cal-Neva.  The value of that equity interest is subject to appraisal, as described below.  That equity interest has also been pledged as collateral to Ladera.

### 5.3    Appraisal of Property

The Plan Proponents have commissioned Johnson Perkins & Associates to appraise the Debtor's property, specifically the real estate and improvements, as well as the personal property.  The appraisal is scheduled to be completed by May 22nd.  To the extent it is not attached at the time of this Disclosure Statement, it will be filed as an errata entitled **Exhibit "H."**

### 5.4    Potential Claims for Recovery

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

13

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

1    The Plan Proponents believe that the previous operators of the Debtor may be liable
2    for misfeasance, malfeasance, conversion, breach of fiduciary duty, and potentially other
3    claims for relief (the "Claims For Relief"). Although the Reorganized Debtor intends to
4    investigate such matters, a decision has not yet been made on whether litigation will be
5    pursued. The legal basis and likelihood of recovery have not been analyzed, and therefore
6    the value of the litigation is impossible to determine. Furthermore, the Plan does not depend
7    upon the recovery from any litigation as any recovered proceeds will be the property of the
8    Reorganized Debtor.

9    **6.    DESCRIPTION OF DEBTS**

10        **6.1    Administrative Claims**

11            (A)    Attorneys' Fees. The Debtors will be obligated to pay attorneys' fees
12    and costs owed to its various counsel, subject to Court approval. The Plan Proponents
13    estimate such fees to be in the range of $500,000 to $700,000, but as such fees continue to
14    be incurred, a more accurate statement cannot be made at this time.

15            (B)    U.S. Trustee Fees. All fees required to be paid to the U.S. Trustee have
16    been maintained current during the pendency of these cases.

17            (C)    Super-Priority Administrative Fees to Hall. Pursuant to its agreement
18    to provide sums to preserve the Property, Hall is entitled to a super-priority administrative
19    fee (which is also secured by the Property). As of this date, that fee is estimated by Hall at
20    $1,000,00, although the Proponents have not received an accounting from Hall.

21            (D)    Attorneys' Fees to Counsel for Plan Proponents. In the event the
22    Creditors' Plan is confirmed, counsel for the Plan Proponents will be paid by the Plan
23    Proponents.

24        **6.2    Priority Claims**

25            The New Cal-Neva has scheduled against it, or has proofs of claim filed against
26    it, for priority claims as set forth in **Exhibit "A"** attached hereto. No priority claims are
27    scheduled against, nor are any priority proofs of claim filed against Cal Neva.

28        **6.3    Secured Claims**

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada   89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal Neva 052117-dlg.wpd

14

New Cal-Neva has secured claims scheduled against it, and has proofs of claims identified as secured filed against it, as set forth in **Exhibit "B"** attached hereto. Cal Neva has secured claims scheduled against it and has proofs of claim filed against it as set forth in **Exhibit "C"** attached hereto.

### 6.4    Unsecured Claims

New Cal-Neva has unsecured claims scheduled against it, and proofs of claim filed against it as set forth in **Exhibit "D."** Cal Neva has unsecured claims scheduled against it and proofs of claim filed against it as set forth in **Exhibit "E."**

### 7.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor is a party to certain executory contracts as identified below:

| Contract | Description of Contract |
|---|---|
| Collaborative Design Studio | Architectural and engineering services contract |
| CR Hospitality, LLC | Operating agreement |
| NorthStar Demolition and Remediation, LP | Contracting services contract |
| Paul Duesing Partners | Design services contract |
| The Penta Building Group | Construction contract |
| Thannisch Development Services Inc. | Development consulting services contract |
| Starwood/Marriot | Franchise Agreement |
| CBRE, Inc. | Exclusive Sales Listing Agreement |
| Dixon, Michael and Sharon | Condominium Purchase Discount Agreement |
| Iverson, Brandyn | Condominium Purchase Discount Agreement |
| Jameson, Paul | Condominium Purchase Discount Agreement |
| Munnerlyn, Charles R. and Judy G. | Condominium Purchase Discount Agreement |
| Hill, Heather | Condominium Purchase Discount Agreement |
| Pacey-Willis, Lisa | Condominium Purchase Discount Agreement |

### 8.    SUMMARY OF CREDITORS' PLAN OF REORGANIZATION

THE FOLLOWING IS A BRIEF SUMMARY OF THE CREDITORS' PLAN OF REORGANIZATION WHICH IS FILED CONCURRENTLY HEREWITH (the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

15

"Creditors' Plan"), AND SHOULD <u>NOT</u> BE RELIED UPON FOR VOTING PURPOSES.  THE SUMMARY IS NOT COMPLETE, AND CREDITORS ARE URGED TO READ THE CREDITORS' PLAN IN FULL.  A COPY OF THE CREDITORS' PLAN OF REORGANIZATION WILL BE PROVIDED TO ALL CREDITORS.   TO THE EXTENT THE FOLLOWING SUMMARY INCLUDES DEFINED TERMS, THOSE DEFINITIONS ARE INCLUDED IN THE CREDITORS' PLAN FILED CONCURRENTLY HEREWITH.   ALL CAPITALIZED TERMS HEREINAFTER HAVE THE MEANINGS SET FORTH IN THE CREDITORS' PLAN.

### 8.1    Classification of Claims and Interests

Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims and Interests.  Administrative Claims and Priority Claims of the  kinds specified in Sections 507(a)(1) and 507(a)(8) of the Bankruptcy Code have not been classified and are excluded from the following classes in accordance with Section 1123(a)(1) of the Bankruptcy Code.

<u>Class 1</u>: The Allowed Secured Claim of the Placer County Tax Collector.

<u>Class 2</u>: The Allowed Claim of Hall against New Cal-Neva secured by the Property, as evidenced by its promissory note, deed of trust, and related loan documents.

<u>Class 3</u>:  The Allowed Claim of Ladera against New Cal-Neva secured by the Property and the membership interest in New Cal-Neva, as evidenced by its promissory note, deed of trust, and related loan documents.

<u>Class 4</u>:  The Allowed Claim of Penta against New Cal-Neva to the extent secured by a valid mechanic's lien against the Property.

<u>Class 5</u>: The Allowed Claims of Subcontractors against New Cal-Neva against the Property.

<u>Class 6</u>:  The Allowed Claims of Unsecured Creditors of New Cal-Neva.

<u>Class 7</u>:  The Allowed Claims of Unsecured Creditors of Cal Neva.

<u>Class 8</u>:  The Allowed Secured Claim of Capital One Bank (USA), N.A.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

16

Class 9: The membership interest in New Cal-Neva held by Cal Neva.

Class 10: The membership interests in Cal Neva.

**8.2    Unimpaired Classes**

All classes are impaired under the Plan.

**8.3    Treatment of Claims and Interests**

**8.3.1   Class 1 (Placer County).** The Allowed Secured Claim of the Placer County Tax Collector shall bear interest as allowed by statute, and shall be paid 50% on the Effective Date, and 50% 30 days thereafter.

**8.3.2   Class 2 (Hall).** The Allowed Claim of Hall (the "Hall Claim") shall be treated as set forth in §8.3.4.1 infra. To the extent Hall holds an Allowed Administrative Claim it shall be paid as set forth in §8.3.4.1. To the extent such claim is also secured, the portion paid as an Administrative Claim shall reduce the amount of the Secured Claim.

**8.3.3   Class 3 (Ladera).** The Allowed Claim of Ladera (the "Ladera Claim") shall be treated as set forth in §8.3.4.1 infra.

**8.3.4   Class 4 (Penta).** The Allowed Claim of Penta (the "Penta Claim") shall be treated as set forth in §8.3.4.1 infra.

**8.3.4.1   Treatment of Classes 2, 3 and 4.**

(A)    Secured Portion of Claims (Classes 2, 3 and 4).

On or before the Effective Date a sum equal to the value of the Property (the "Property Value"), less the amount owed to the Placer County Tax Collector, shall be deposited into a segregated escrow account under the name of the Disbursing Agent (the "Secured Creditor Fund"). The value of the Property, and thus the amount of the Secured Creditor Fund, shall be determined by appraisal evidence presented at the Confirmation Hearing. The liens of the Hall Claim, Ladera Claim (as secured by the Property) the Penta Claim (Penta, Hall, and Ladera are sometimes collectively referred to as the "Secured Creditors"), as well as the liens of all Subcontractors (to the extent

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

17

not duplicative of the Penta claim), shall attach to the proceeds of the Secured Creditor Fund, and shall share in and be limited by the Secured Creditor Fund based upon: (i) the final order of priority as determined by the outcome of the Secured Creditors' Adversary Proceedings, whether by litigation or settlement, and (ii) the final order determining any claim objections filed against any of the Secured Creditors. This Plan does not determine the priority or amount of the liens of the Secured Creditors and Subcontractors. The Secured Creditor Fund will be interpled in the Bankruptcy Court, or in another court of appropriate jurisdiction should circumstances warrant or should the Bankruptcy Court abstain.

      (B)    <u>Ladera's Claim As Secured By Interest In Cal Neva Lodge.</u>

On account of its claim secured by the membership interest in New Cal-Neva, Ladera shall be entitled to a cash disbursement on the Effective Date equal to the difference between the Property Value and the total of all Claims against New Cal-Neva (the "Equity In New Cal-Neva"). If the Equity in New Cal-Neva is less than zero, there shall be no distribution to Ladera on account of is secured interest in the membership interest of New Cal-Neva.

      (C)    <u>Deficiency Claims Of Secured Creditors.</u>

Any of the Secured Creditors may be entitled to a deficiency claim (the "Deficiency Claims") against the Debtor, based upon: i) the amount by which the Allowed Claim exceeds the Property Value less all senior secured claims; ii) the final outcome of the Secured Creditors' Adversary Proceedings; and iii) the final outcome of any objections to any claims of the Secured Creditors. In full and final satisfaction of the Deficiency Claim the sum of Two Hundred Thousand Dollars ($200,000) shall be distributed to the party (or parties) entitled to the Deficiency Claim, to be distributed pro rata based on the Allowed Deficiency Claim of each creditor.

**8.3.5   Class 5 (Subcontractors)**

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal Neva 052117-dlg.wpd

18

The Allowed Claims of Subcontractors will be paid by Penta, or by the Secured Creditors Fund as set forth in §8.3.4.1, or to the extent such claims are unsecured, in accordance with the treatment of Class 6 unsecured creditors below.

### 8.3.6   Class 6 (Unsecured Creditors of New Cal-Neva)

The Allowed Claims of Unsecured Creditors shall receive a prorata distribution of the New Cal-Neva Unsecured Creditor Fund.  The undisputed portion of the claim shall be paid on the Effective Date.  The portion of the claim that is disputed shall be maintained in the New Cal-Neva Disputed Unsecured Claims Account and shall be paid if and when the claim is adjudicated an Allowed Claim following the Claim Objection Procedure.

### 8.3.7   Class 7 (Unsecured Creditors of Cal Neva)

The Allowed Claims of Unsecured Creditors shall receive a prorata distribution of the Cal Neva Unsecured Creditor Fund.  The undisputed portion of the claim shall be paid on the Effective Date.  The portion of the claim that is disputed shall be maintained in the Cal Neva Disputed Unsecured Claims Account and shall be paid if and when the claim is adjudicated an Allowed Claim following the Claim Objection Procedure.

### 8.3.8   Class 8 (Capital One Bank)

The Allowed Claim of Capital One Bank shall be cured on the Effective Date, and thereafter shall be paid as agreed.  All loan documents shall remain in effect to the extent not inconsistent with this Plan.

### 8.3.9   Class 9 (Membership Interest in New Cal-Neva)

The membership interests in New Cal-Neva held by Cal Neva shall be canceled.

### 8.3.10  Class 10 (Membership Interests in Cal Neva)

The membership interests in Cal Neva shall be cancelled.

## 8.4     Treatment of Unclassified Claims

### 8.4.1   Administrative Claims

Claims arising during the administration of both the Cal Neva bankruptcy case and the New Cal-Neva bankruptcy case are entitled to priority under Section 507(a)(1) of the Bankruptcy Code are not classified under the Plan.  Holders of such claims shall be paid in

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

-19-

1 full on the latter of the Effective Date, or fifteen (15) days after entry of an order allowing

2 the Administrative Claim. Counsel for the Plan Proponents shall be paid directly by the Plan

3 Proponents.

4 　　　　**8.4.2　Administrative Claims Bar Date**

5 　　　　Requests for payment of Administrative Claims must be filed and served no later than

6 forty-five (45) days after the Effective Date. Holders of Administrative Claims that are

7 required to, but do not, file and serve a request for payment of such Claims by such date shall

8 be forever barred, estopped, and enjoined from asserting such claims against the Debtors, the

9 Reorganized Debtor, or their assets or Property and such Claims shall be deemed discharged

10 as of the Effective Date.　Objections to such requests, if any, may be filed and served

11 according to applicable bankruptcy rules.　Notwithstanding the foregoing, no request for

12 payment of an Administrative Claim need be filed with respect to an Administrative Claim

13 previously Allowed by a Final Order, including any and all Administrative Claims expressly

14 Allowed under the Plan.

15 　　　　**8.4.3　Fees to the United States Trustee**

16 　　　　All fees required to be paid to the United States Trustee will be paid in full upon the

17 Effective Date of the Plan, and shall remain current until the case is fully administered,

18 closed, converted or dismissed, whichever occurs first. Such fees shall be paid from the Plan

19 Fund.

20 　　　　**8.4.4　Priority Claims**

21 　　　　Allowed Priority Claims shall bear interest prior to the Effective Date at the rate

22 specified under Nevada law, or other applicable law, and to the extent no objection has been

23 filed, shall be paid on the Effective Date.　Any objection to any Priority Claim shall be filed

24 prior to the Effective Date.

25 　　　　**8.5.　Executory Contracts**

26 　　　　The Debtor's executory contracts with various entities shall be assumed or rejected

27 as set forth below:

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal Neva 052117-dlg.wpd

20

peating

| Contract | Description of Contract | Treatment |
|---|---|---|
| Collaborative Design Studio | Architectural and engineering services contract | Rejected - subject to renegotiation |
| CR Hospitality, LLC | Operating agreement | Rejected |
| NorthStar Demolition and Remediation, LP | Contracting services contract | Rejected - subject to renegotiation |
| Paul Duesing Partners | Design services contract | Rejected - subject to renegotiation |
| The Penta Building Group | Construction contract | Rejected |
| Thannisch Development Services Inc. | Development consulting services contract | Rejected |
| Starwood/Marriot | Franchise Agreement | Rejected |
| CBRE, Inc. | Exclusive Sales Listing Agreement | Rejected |
| Dixon, Michael and Sharon | Condominium Purchase Discount Agreement | Rejected |
| Iverson, Brandyn | Condominium Purchase Discount Agreement | Rejected |
| Jameson, Paul | Condominium Purchase Discount Agreement | Rejected |
| Munnerlyn, Charles R. And Judy G. | Condominium Purchase Discount Agreement | Rejected |
| Hill, Heather | Condominium Purchase Discount Agreement | Rejected |
| Pacey-Willis, Lisa | Condominium Purchase Discount Agreement | Rejected |

**8.6     Means of Implementing the Plan**

**8.6.1   New Financing to Fund Plan**

The Plan will be funded by the Northwind Financial Corp ("Northwind"), www.northwindfinancial.com. The primary contact with Northwind is Chip Cummings, its President. Mr. Cummings holds the designation of Certified Mortgage Consultant and Certified Fraud Examiner. Mr. Cummings has spoken extensively internationally, and is the author of nine books dealing with real estate financing. Mr. Cummings has also appeared

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal Neva 052117-dlg.wpd

25

on FOX News, CNN, NBC, ABC, and written articles for the Wall Street Journal and USA Today. Attached hereto as **Exhibit "G"** is a letter of intent for the loan. The only remaining condition is for the lender to obtain its own appraisal, which is estimated to require 45 days. *See* **Exhibit "G-1."**

### 8.6.2   Vesting of Assets of the Estates

On the Effective Date, except as otherwise provided in the Plan, all Property of both of the Debtors' estate shall vest in Tahoe CalNeva Resort, LLC ("TCNR")[3] free and clear of all liens and Claims, including, without limitation, all real and personal Property, all Retained Causes of Action, interests, claims, choses in action, and all rights under any contracts assumed hereunder (executory or otherwise), against any Person. On and after the Effective Date, TCNR may operate its business and use, acquire, or dispose of Property and compromise or settle any Claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules. On the Effective Date, except as otherwise provided in the Plan, all cause of action of both of the Debtors' estates shall vest in the TCNR free and clear of all Liens and Claims. TCNR shall be owned by Northwind Financial, The Busick Group, and certain other members of Cal Neva in proportions as yet to be determined. The operating agreement of TCNR shall comply with §1123(a) of the Bankruptcy Code.

### 8.6.3   Disbursing Agent

The Plan Proponents shall designate a certified public accountant in Reno, Nevada as disbursing agent (the "Disbursing Agent"), who shall hold all funds in a segregated trust account and disburse all money to be distributed under the Plan. The Disbursing Agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond. All disbursements under the Plan shall be made pursuant to motion, Notice and Hearing, and approval of the Bankruptcy Court. The Disbursing Agent shall be entitled to reasonable compensation for his services

---

[3]The Proponents reserve the right to change the name of the surviving entity.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

22

1    to be paid by the Proponents.

2    **8.6.4   Completion of Improvements**

3    Following confirmation of the Plan, TCNR will complete all improvements

4    necessary to bring the Property to full operation.  TCNR is negotiating with Penta to

5    complete the project, and anticipates a fully executed construction agreement prior to Plan

6    confirmation.  The Plan Proponents anticipate a fully executed construction agreement with

7    Penta prior to the Confirmation Hearing on the Plan.   The projections of the cost of

8    completion are attached hereto as **Exhibit "J."**  A summary of the cost to complete the

9    project, and the pre-opening costs is attached hereto as **Exhibit "K."**

10    **8.6.5   Post-Confirmation Management of the Debtor**

11    The post-confirmation operations of TCNR will be managed by Viceroy Hotel

12    Group, LLC ("Viceroy").  The Plan Proponents have a tentative agreement with Viceroy

13    which is attached hereto as **Exhibit "I."**

14    Recognized as one of the most innovative operators on the current hotel landscape,

15    Viceroy has magnetized contemporary travelers, the hospitality industry and lifestyle media

16    alike with its pacesetting hotels and resorts.  With a diverse portfolio of properties, Viceroy

17    has created a collection of distinctive luxury properties offering innovative style, unique

18    design and advanced service in the world's most sought-after destinations.

19    •    Viceroy offers a range of services including:

20    •    Professional third-party hotel management services for owners seeking branded

21    and unbranded operations, with a focus on luxury hotels.

22    •    Strategic and financial partnerships with locally based owner-developers,

23    allowing for the maximization of core competencies.

24    •    Acquisition of hotels without existing management contracts in primary

25    locations, offering upside opportunities for repositioning through advanced operational and

26    design initiatives.

27    •    Development and construction of traditional hotel and resort destinations,

28    providing a brand and operational anchor.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

23

1       •     Seasoned global sales, marketing, digital and e-commerce strategies.

2       •     Professional asset management.

3       •     Design support and technical services.

4 Further information can be found on its website at viceroyhotelsandresorts.com.

5            **8.6.6   No Election Under 1111(b)**

6          Various secured creditors have made an election under §1111(b).  The Plan

7 Proponents contend that the election should not be allowed because the Property is to be

8 transferred under the Plan.  The election is further prohibited because the claims of the

9 Secured Creditors are disputed pursuant to the Secured Creditors Adversary Proceedings.

10            **8.6.7   Exemption from Certain Taxes and Fees**

11          Pursuant to Bankruptcy Code section 1146(a), any transfers of property

12 pursuant to the Plan shall not be subject to any stamp, real estate transfer, sales, use tax or

13 other similar state or local tax or governmental assessment in the United States, and the

14 Confirmation Order shall direct and be deemed to direct the appropriate sate or local

15 governmental officials or agents to forego the collection of any such tax or governmental

16 assessment and to accept for filing and recordation instruments or other documents pursuant

17 to such transfers of property without payment of any such tax or governmental assessment.

18 **9.     POST-CONFIRMATION FINANCIAL CONDITION OF THE DEBTOR**

19          Following confirmation of the Creditors' Plan, but prior to the funding by Northwind,

20 the Debtor believes that its post-confirmation financial condition shall be as set forth in

21 **Exhibit "F"** attached hereto.

22 **10.    ALTERNATIVES TO THE CREDITORS' PLAN**

23          The Proponent believes that the Creditors' Plan provides its creditors with the earliest

24 and greatest possible value that can be realized on their claims. In the event the Plan is not

25 confirmed, one of the following alternatives will occur: i) the Court may confirm one of the

26 two other plans proposed by other parties; ii) the Court may grant relief from the automatic

27 stay to Hall and allow it to foreclose upon the Property; iii) the Court may convert the case

28 to one under Chapter 7 of the Bankruptcy Code; or iv) the Court may dismiss the case.  It

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada   89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

24

1  cannot be determined at this point which alternative is more likely.

2      The Plan Proponents and Northwind anticipate that all due diligence and conditions

3  to the Plan will be satisfied by May 26, 2017. The sum of $1,000,000.00 has been deposited

4  into the trust account of the Law Offices Of Alan R. Smith.

5      **10.1  Tax Consequences of the Creditors' Plan**

6      The Proponent believes that there are no federal income tax consequences peculiar to

7  its Creditors' Plan.  EACH HOLDER OF A CLAIM IS STRONGLY URGED TO

8  CONSULT WITH HIS/HER TAX ADVISOR REGARDING THE FEDERAL, STATE,

9  LOCAL AND FOREIGN TAX CONSEQUENCES TO HIM/HER OF THE CREDITORS'

10  PLAN.

11      **10.2  Liquidation Analysis**

12      Should the Debtor be forced to terminate its business operations or convert its case

13  to Chapter 7 and have a trustee conduct the liquidation of its assets, Proponent estimates that

14  such a liquidation will result in distributions as set forth in **Exhibit "G"** attached hereto.

15  **11.  CONFIRMATION OF THE CREDITORS' PLAN**

16      **11.1  Confirmation of the Creditors' Plan**

17      Pursuant to Section 1128(a) of the Bankruptcy Code, the Bankruptcy Court will

18  conduct a hearing regarding confirmation of the Creditors' Plan at the United States

19  Bankruptcy Court, 300 Booth Street, Reno, Nevada 89509, pursuant to separate notice

20  provided to creditors and interested parties.

21      **11.2  Objections to Confirmation of the Creditors' Plan.**

22      Section 1128(b) provides that any party-in-interest may object to confirmation of a plan. Any

23  objections to confirmation of the Creditors' Plan must be in writing, must state with specificity the

24  grounds for any such objections and must be filed with the Bankruptcy Court and served upon the

25  following parties so as to be received on or before the time fixed by the Bankruptcy Court:

26      Counsel for Creditor:    Alan R. Smith
                                   Law Offices of Alan R. Smith

27                                     505 Ridge Street
                                   Reno, NV 89501

28                                     Telephone: (775) 786-4579

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (Cal Neva)\DS (3rd Amd) Cal-Neva 052117-dlg.wpd

25

Facsimile: (775) 786-3066

For the Creditors' Plan to be confirmed, the Creditors' Plan must satisfy the requirements stated in Section 1129 of the Bankruptcy Code.

**DATED** this 21st day of May, 2017.

LAW OFFICES OF ALAN R. SMITH

By:_____/s/ Alan R. Smith_____
ALAN R. SMITH, ESQ.
Attorney for Plan Proponents

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada   89501
(775) 786-4579

26

# Exhibit "A"

1

**Exhibit "A"**
**New Cal-Neva**
**Priority Claims**

2

3

| Name | Scheduled Amount | Proof of Claim Amount |
|---|---|---|
| Dept. Of Employment Training & Rehab | $0.00 | No POC Filed |
| Employment Development Dept. | $0.00 | No POC Filed |
| Franchise Tax Board | $0.00 | $1,798.32 |
| Internal Revenue Service | $0.00 | $100.00 |
| Nevada Dept. Of Taxation | $0.00 | No POC Filed |
| No Lake Tahoe Fire Protection District | $17,418.05 | $17,418.05 |
| Placer County Tax Collector | $0.00 | $60,815.53 |
| State Board of Equalization | $0.00 | No POC Filed |
| Washoe County | $0.00 | No POC Filed |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex A) 050117-dlg.wpd

# Exhibit "B"

**Exhibit "B"**
**New Cal-Neva**
**Secured Claims**

| Name | Scheduled Amount | Proof of Claim Amount |
|---|---|---|
| Advance Installations, Inc. | Not Scheduled | $20,413.00 |
| Al Pombo, Inc. | Not Scheduled | $915,563.00 |
| C&C Floors, LLC | Not Scheduled | $35,375.50 |
| Capital Glass, Inc. | Not Scheduled | $510,495.60 |
| CRL | Not Scheduled | No POC Filed |
| Curtain Wall Design and Consulting, Inc. | Not Scheduled | $22,550.00 |
| D4US, LLC dba Dimension 4 | Not Scheduled | $452,306.86 |
| Hall CA-NV, LLC | $21,247,285.60 | $24,877,656.55 |
| Ladera Development, LLC | $7,500,000.00 | $7,678,616.91 |
| Lindell'S Painting Service | Not Scheduled | $80,065.65 |
| Lumos & Associates | $15,864.74 | $16,319.00 |
| Moulin, Xavier | Not Scheduled | $191,093.30 |
| Mt. Rose Heating and Air Conditioning, Inc. | Not Scheduled | $360,537.00 |
| Martin Iron Works, Inc. | Not Scheduled | $65,996.26 |
| Northern Nevada Fire Protection, Inc. | Not Scheduled | $201,771.33 |
| Placer County Tax Collector | $0.00 | $60,815.53 |
| Painters Trusts | Not Scheduled | $327,536.65 |
| Quality Tile & Marble Co., Inc. | Not Scheduled | $141,658.54 |
| Savage & Sons, Inc. | Not Scheduled | $1,150,884.92 |
| Sky Design Concepts, Inc. | Not Scheduled | $117,950.00 |
| PENTA Building Group, LLC | Not Scheduled | $9,151,534.54 |
| Todd Perry/Briggs Electric, Inc. | Not Scheduled | $1,053,087.08 |
| US Granite-Nevada, Inc. | Not Scheduled | $128,580.67 |
| Victory Woodworks, Inc. | Not Scheduled | $240,616.17 |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex B) 050117-dlg.wpd

| | | |
|---|---|---|
| Vortex Steel, Inc. | Not Scheduled | $23,895.26 |
| Valley Concrete, Inc. | Not Scheduled | $271,060.03 |

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex B) 050117-dlg.wpd

# Exhibit "C"

1
2

**Exhibit "C"**
**Cal-Neva**
**Secured Claims**

3

| Name | Scheduled Amount | Proof of Claim Amount |
|------|-----------------|----------------------|
| Lumos & Associates, Inc. | | $15,185.00 |
| Ladera Development, LLC | | $7,471,110.61 |
| George Stuart Yount | | $1,000,000.00 |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex C) 050117-dlg.wpd

Exhibit "D"

**Exhibit "D"**
**New Cal-Neva**
**Unsecured Claims**

| Name | Scheduled Amount | Proof of Claim Amount |
|------|------------------|------------------------|
| Advance Installations Inc. | $22,285.35 | $20,413.00 |
| Alert Security | $28,111.75 | No POC Filed |
| AT&T | $149.33 | No POC Filed |
| Belfor USA Group | Not Scheduled | 89,742.11 |
| Charter Business | $680.03 | No POC Filed |
| Craig Roberts Associates | $7,151.63 | No POC Filed |
| Dimension 4 | $452,306.86 | No POC Filed |
| Dixon, Michael and Sharon | $100,000.00 | No POC Filed |
| George Stuart Yount | Not Scheduled | $1,000,000.00 |
| Hall, Thomas J. | $87.50 | No POC Filed |
| Hill, Heather | $4,400.00 | No POC Filed |
| Hinckley, Allen & Snyder | $3,536.00 | No POC Filed |
| Iverson, Brandyn | $100,000.00 | No POC Filed |
| Jameson, Paul | $50,000.00 | No POC Filed |
| Jeffer Mangels Butler & Mitchell LLP | Not Scheduled | $92,646.07 |
| Jordan Knighton Architects, Inc. | Not Scheduled | $30,684.36 |
| Law Offices of Thomas J. Hall | $1,796.75 | $2,758.92 |
| Moulin, Xavier | $103,482.35 | No POC Filed |
| Munnerlyn, Charles R. And Judy G. | $100,000.00 | No POC Filed |
| National Corporate Research Ltd. | $178.00 | No POC Filed |
| Nextiva Inc. | $16,645.29 | No POC Filed |
| NO Lake Tahoe Fire Protection District | $17,418.05 | No POC Filed |
| Northstar Demolition | $96,201.18 | No POC Filed |
| NV Energy | $9,847.56 | $5,568.00 |
| Okubo, Marx | $5,695.36 | No POC Filed |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex D) 050117-dlg.wpd

| Pacey-Willis, Lisa | $4,400.00 | No POC Filed |
|---|---|---|
| Paul Duesing Partners | $90,380.88 | $90,380.88 |
| Pezonella Associates Inc. | $34,609.25 | No POC Filed |
| Radovan, Robert | $115,000.00 | No POC Filed |
| Southwest Gas Corporation | $1,907.14 | No POC Filed |
| Star Reports | $475.00 | No POC Filed |
| Thannisch Development Services Inc. | $82,039.69 | No POC Filed |
| The Penta Building Group | $7,119,902.80 | No POC Filed |
| USPS | $310.00 | No POC Filed |
| Verizon | $240.87 | No POC Filed |
| Vision Control Assoc of Nevada Inc. | $23,724.48 | No POC Filed |
| Weig, Rozlynn Lilliana | $2,666.00 | $406,643.00 |
|  |  |  |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex D) 050117-dlg.wpd

2

# Exhibit "E"

**Exhibit "E"**
**Cal Neva**
**Unsecured Claims**

| Name | Scheduled Amount | Proof of Claim Amount |
|------|------------------|----------------------|
| Advance Installations Inc. | $22,285.35 | No POC Filed |
| Affordable Linen Services LLC | $127.47 | No POC Filed |
| Alert Security | $28,111.75 | No POC Filed |
| ALSCO | $71.70 | No POC Filed |
| Arbor Care of Tahoe | $3,920.00 | No POC Filed |
| AT&T | $149.33 | No POC Filed |
| Belfor USA Group, Inc. | Not Scheduled | $89,742.11 |
| Bray Whaler, Inc. | $23,826.95 | No POC Filed |
| Bright Business Media, LLC | Not Scheduled | $4,000.00 |
| Capitol Corporate Services | $420.00 | No POC Filed |
| Capitol One Mortgage Payment | $114,421.45 | No POC Filed |
| Case Development Services, LLC | $84,626.68 | No POC Filed |
| Charter Communications | Not Scheduled | $481.36 |
| Collaborative Design Studio | $158,287.64 | No POC Filed |
| Craig Roberts Associates | $7,151.63 | No POC Filed |
| Criswell Associates | $1,739.65 | No POC Filed |
| Criswell Radovan | $409,261.92 | No POC Filed |
| Dale Cox Architects | Not Scheduled | $5,105.00 |
| Dimension 4 | $452,306.86 | No POC Filed |
| Eighme, Jim | $5,416.65 | No POC Filed |
| Galager, Arthur J. | $1,823.54 | No POC Filed |
| Galaxy Hotel Systems | $29,596.43 | No POC Filed |
| Gary David Group | $29,175.05 | No POC Filed |
| Glodow Nead Communications | $97,529.87 | No POC Filed |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex E) 050117-dlg.wpd

| | | |
|---|---|---|
| Gold County Termite Control | $300.00 | No POC Filed |
| George Stuart Yount | Not Scheduled | $1,000,000.00 |
| Hall, Thomas J. | $87.50 | No POC Filed |
| High Sierra Elevator Inspections | $750.00 | No POC Filed |
| Hill Planning, Inc. | $4,311.00 | No POC Filed |
| Hinckley, Allen & Snyder | $3,536.00 | No POC Filed |
| Hospitality Careers Online, Inc. | $3,699.00 | No POC Filed |
| IPFS Corporation | $10,269.81 | No POC Filed |
| IPREP Acquisition, LLC | | $75,000.00 |
| JKGD Architecture Engineering | $18,543.36 | No POC Filed |
| Koch Elevator Co. | Not Scheduled | $6,199.97 |
| Kolesar & Leatham | Not Scheduled | $527.00 |
| Law Offices if Thomas J. Hall | $1,796.75 | No POC Filed |
| Leslie P. Busick | | |
| Lifescapes International Inc. | $5,118.00 | No POC Filed |
| Lisa Monroe & Associates, Inc. | $700.00 | No POC Filed |
| Lumos & Associates, Inc. | $15,864.74 | $16,319.10 |
| Marriner, Dave | $1,525.75 | |
| Moulin, Xavier | $103,482.35 | No POC Filed |
| National Corporate Research Ltd. | $178.00 | No POC Filed |
| Nevada Secretary of State | $1,050.00 | No POC Filed |
| New Cal-Neva Lodge, LLC | $50,000.00 | No POC Filed |
| New World Concept Group | $32,086.55 | No POC Filed |
| NEXTIVA, Inc. | $16,645.29 | No POC Filed |
| North Lake Tahoe Fire Protection District | $17,418.05 | No POC Filed |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

2

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd)\New Cal-Neva (Ex E) 050117-dlg.wpd

| | | |
|---|---|---|
| North Lake Tahoe Chamber | $270.41 | No POC Filed |
| North Shore Ace Hardware | $435.64 | No POC Filed |
| North Tahoe Business Assoc. | $250.00 | No POC Filed |
| North Tahoe Public Utility District | $566.46 | No POC Filed |
| Northstar Demolition | $96,201.18 | No POC Filed |
| NV Energy | $9,847.56 | NO POC Filed |
| Okubo, Marx | $5,695.36 | No POC Filed |
| Paul Duesing Partners | $90,380.88 | No POC Filed |
| Pezonella Associates, Inc. | $34,609.25 | No POC Filed |
| Powell Coleman & Arnold LLP | $13,157.00 | No POC Filed |
| Quick Space | $474.00 | No POC Filed |
| Rapid Space, LLC | Not Scheduled | $1,896.00 |
| Reno Ornamental Iron, Ltd. | Not Scheduled | $201.95 |
| Ricca Design | $855.00 | No POC Filed |
| Rothgerber, Lewis Roca | $1,135.50 | No POC Filed |
| Sabre Hospitality Solutions | $108.00 | No POC Filed |
| Sky Fiber Internet | $3,000.00 | No POC Filed |
| Smart Meeting | $4,000.00 | No POC Filed |
| Southwest Gas Corp. | $1,907.14 | No POC Filed |
| Spectrum CPA Group, LLP | $35,485.79 | No POC Filed |
| Star Reports | $475.00 | No POC Filed |
| Starwood Hotels & Resort Worlwide, Inc. | $30,278.39 | No POC Filed |
| SWRCB Storm Water Section | $513.00 | No POC Filed |
| Tahoe Tech Group | $35.00 | No POC Filed |
| Tahoe Truckee Sanitation | $448.59 | No POC Filed |
| Thannisch Development Services, Inc. | $82,039.69 | No POC Filed |
| The Penta Building Group | $7,119,902.80 | No POC Filed |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex E) 050117-dlg.wpd

3

| USPS | $310.00 | No POC Filed |
|---|---|---|
| Verizon | $240.87 | No POC Filed |
| Vision Control Assoc. of Nevada, Inc. | $23,724.48 | No POC Filed |
| Weig, Rozlynn Lilliana | $2,666.00 | $2,666.00 |
| Weig, Rozlynn Lilliana | Not Scheduled | $406,643.00 |
| | | |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex E) 050117-dlg.wpd

4

# Exhibit "F"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "F"**

**POST CONFIRMATION FINANCIAL STATEMENT**

**Assets:**

| | |
|---|---|
| Real Property | $35,000,000.00[1] |
| Personal Property | $ 2,000,000.00[1] |
| CR Lake Tahoe, LLC | $              .00 |
| Potential Claims for Recovery | (unknown) |
| Total Assets | $37,000,000.00 |

**Liabilities:**

None

**Net Assets over Liabilities**          $37,000,000.00

---

[1]These are estimates of the Plan Proponents, and will be revised once the appraisal is complete.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

\\server\WPDOCS\Cal-Neva Cases\Plan & DS (New Cal Neva)\DS (2nd Amd) New Cal-Neva (Ex F) 050117-dlg.wpd

# Exhibit "G"

**EXHIBIT "G"**
**Cal Neva and New Cal-Neva**
**LIQUIDATION ANALYSIS**

**Assets:**[1]

| | |
|---|---|
| Real Property | $ 35,000,000.00[2] |
| Personal Property | $ 2,000,000.00[2] |
| CR Lake Tahoe, LLC | $ .00[3] |
| Potential Claims for Recovery | (unknown) |
| Total Assets | $ 37,000,000.00 |

**Liabilities:**

| | |
|---|---|
| Secured Debt | $ 45,000,000.00 |
| Unsecured Debt (not including potential mechanics liens and duplication) | $ 2,000,000.00 |
| Chapter 11 Trustee Fees and Attorney Fees | $ 1,000,000.00 (estimated) |
| Net worth | < 11,000,000.00> |
| Amount Available for Unsecured Creditors | $ .00 |

---

[1]These are the estimated values of the assets of New Cal-Neva by the Plan Proponents, subject to revision upon completion of appraisal. Cal Neva's only asset is the equity in New Cal-Neva, thus it is not included in this analysis.

[2]Estimated by Plan Proponents. Subject to revision upon completion of appraisal.

[3]Subject to dispute over enforcement of Exchange Agreement.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

# Exhibit "H"

 **NORTHWIND**

**File #: 17-02348-01**
**Issue Date: May 1, 2017**

## TERM SHEET – LETTER OF INTENT

**This LOI will expire at the close of business at 5:00pm Eastern U.S. time five (5) days after date of issue.** If not accepted on or before expiration, this LOI will be automatically withdrawn and cancelled without any additional action. Based upon preliminary review, Northwind Financial Corporation hereby proposes financing under the following Terms and Conditions:

| | | |
|---|---|---|
| 1. | **Project Name:** | Tahoe CalNeva Resort |
| 2. | **Loan Type:** | Commercial – Development/Construction |
| 3. | **Funding Structure:** | Debt; 144a Bond/Securities issue |
| 4. | **Proposed Loan Amount:** | $80,000,000 or as determined by underwriting |
| 5. | **Purpose of Loan:** | Acquisition-Construction-Development |
| 6. | **Property Address/Location:** | 2 Stateline Rd., Crystal Bay, NV 89402 |
| 7. | **Property Description:** | 13.57a parcel; Hotel/Casino - flagged |
| 8. | **Property Type:** | Commercial; to be conforming zoning |
| 9. | **Loan to Value / Loan to Cost:** | Lesser of 100% LTC of project costs or 80% LTV of projected stabilized value. |
| 10. | **Asset Valuation:** | Project must have an "as projected" stabilized market value of not less than $100,000,000 USD |
| 11. | **Interest Rate (Construction):** | 6.50%; 24-month maximum |
| 12. | **Interest Rate (Permanent):** *(\*Note -- Rate is finalized and locked only after lender evaluation of the costs, valuation, LTC/LTV, debt service coverage, and borrower credit/liquidity)* | 5.50% - 6.00% based upon bond/security underwriting and rating |
| 13. | **Term:** | 7 year term; subject to bond/security underwriting |
| 14. | **Amortization:** | Interest-only |
| 15. | **Renewal Option:** | None. |
| 16. | **Debt Service Coverage:** | N/A |
| 17. | **Lender Origination Fee:** | 10+2 points to Lender; Points and costs may be |

 **A+ RATED**

*625 Kenmoor Ave. SE – Suite 211 – Grand Rapids – Michigan – 49546*
*616.977.7900 – 866.977.7900 toll-free*
*www.NorthwindFinancial.com*                    *Page 3 of 5*

NORTHWIND

|  | rolled into the loan amount. |
|---|---|
| **18. Pre-payment:** | Subject to yield maintenance as required. |
| **19. Exit Fee:** | None |
| **20. Partial Releases:** | N/A |
| **21. Secondary Financing:** | Subject to lender approval. |
| **22. Lender Participation / Equity:** | 15% based upon underwriting with 5-year repurchase option. |
| **23. Application Fee:** | $200,000 USD due upon issuance/acceptance of Funding Agreement. |
| **24. Commitment Fee:** | $50,000 upon acceptance of Final Commitment Letter. |
| **25. Third-Party Expense:** | As required by lender underwriting at Borrower expense. |
| **26. Lender Legal Fees:** | Borrower paid at time of closing for document preparation. |
| **27. Assumption:** | Neither assignable nor assumable without lender consent. |
| **28. Ownership:** | Single-asset entity; existing or newly-formed. |
| **29. Borrowing Entity:** | Tahoe CalNeva Resort, LLC |
| **30. Recourse / Guarantor(s):** | Non-Recourse; subject to standard carve-outs; |
| **31. Collateral/Security:** | Senior lien position on subject property/assets |
| **32. Asset / Credit Verification:** | Required on all principals; Appraisal required |
| **33. Escrows:** | Subject to underwriting |
| **34. Reserve Requirements:** | As required by underwriting; may be included in loan amount. |
| **35. Referring Broker:** | Charles Christmas |
| **36. Third-Party Reports:** | Required as per underwriting review |
| **37. Estimated Closing Schedule:** | Estimated at 60 days from receipt/acceptance of Funding Agreement, or 30 days from receipt of all |


A+ RATED

W NORTHWIND

|  | required documentation and bond compliance. |
|---|---|
| **38. Other Conditions & Requirements:** | a) Resume and PFS on all Principals<br>b) Five (5) year pro forma for Project<br>c) Current financials & operating statement<br>d) Review of MAI Appraisal issued in favor of Lender<br>e) Draw/disbursement schedule to be approved by lender<br>f) KYC, background and credit verification of entity and all principals.<br>g) Review of GMP Contractors Agreement for project. |

*All other costs and expenses related to the financing shall be the responsibility of the Borrower, and may vary greatly depending on the nature of the project, including but not limited to title insurance premiums and charges, property survey, recording fees, mortgage or property taxes and/or Borrower attorney fees. Please note that the final loan amount, terms and/or conditions may be adjusted based upon the inclusion of lender and bond company fees, underwriting and other miscellaneous due diligence or closing cost expenses (soft costs) which may be reimbursed at time of closing.*

I have reviewed these preliminary Terms and Conditions, and have an interest to proceed with Northwind in financing this project. I understand that no upfront fees will be required in advance of a Funding Agreement, but that if I accept the final terms offered, I am responsible for funding and paying for any due diligence and third-party expenses required.

**ACCEPTED:**

_____    Date: _____
Charles Christmas

*May 1, 2017*

**_NOTE:_** *THIS LETTER OF INTENT MUST BE SIGNED AND RETURNED WITHIN FIVE (5) DAYS OF DATE OF ISSUE OR THIS OFFER IS AUTOMATICALLY CANCELLED AND WITHDRAWN.*


A+ RATED

# Exhibit "I"

# EXHIBIT "I"

## SOLE MEMBERS CAL-NEVA

- IMC Investment Group CNR, LLC

- CEA Ventures, LP

- Oakdale Ave. Partners, LP

- Thorpe Investments, LP

- Arthur Prieston

- Molly Kingston

- Mariucci Living Trust Under Agreement dated July 5, 1989 as amended

- Marriner Real Estate, LLC

- Leslie P. Busick, Trustee

- Charles R. Munnerlyn and Judith K. Munnerlyn, Trustee's of the Munnerlyn Revocable Trust

- Paul and Evy Paye, LLC

- The Erickson Family Trust

- Dixon Family Trust dated November 1, 1994

- Martin Family Trust dated April 20, 2000

- Sinatra Family Cal Neva Investors

- CR Cal Neva, LLC

- Ladera Development, LLC